CASE 15—PETITION EQUITY—DECEMBER 14.

# Tobin's guardian vs. Dixon and wife.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. A *chose in action*, which has accrued to the wife during coverture, and which the husband can reduce into immediate possession, can be subjected to the payment of

his debts, at the instance of one of his creditors, in a proceeding against the husband and wife as non-residents.

2. In such case the wife may interpose and establish her right to an equitable settlement; but it does not devolve upon the creditor to allege that she has no such right. When, being a party to the action, she fails to claim a right to a settlement, the presumption is that no such right exists.

HELM & BRUCE, for appellant, cited *Comyn's Dig., Baron and Feme, E*, 3; 3 *Littell*, 281; 5 *B. Mon.*, 82; 2 *Dana*, 436; 8 *B. Mon.*, 173; 4 *B. Mon.*, 323; *Sheppard's Touchstone*, 333.

READ & READ, for appellees, cited 1 *Roper on Husband and Wife, part* 2, *side p.* 204, *top* 129, *Law Lib. ed., vol.* 22; 2 *Brockenbrough C. C.*, 285; 9 *Ves.*, 87; 12 *Ves.*, 497; 1 *J. J. Marsh.*, 169; 4 *Dana*, 334; 5 *Ib.*, 476; 5 *B. Mon.*, 31; 6 *Ib.*, 26; 7 *Ib.*, 141; 9 *Ib.*, 441; 10 *Yerger*, 190; 1 *Humphrey*, 54.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

In this case the single question presented is, can a chose in action, which has accrued to the wife during coverture, be subjected to the payment of her husband's debts, at the instance of one of his creditors, the husband and wife being non-residents, and proceeded against as such?

The right to such a chose in action vests in the husband, in such a manner that, although he fail to collect it during the lifetime of his wife, it belongs to him after her death, not merely as her administrator or sole distributee, but in his character of husband.

As the chose in action in this case is susceptible of being immediately reduced into possession by the husband, a sale and transfer thereof by him for a valuable consideration would defeat the wife's right by survivorship, if she should outlive her husband: (*Wright vs. Arnold*, 14 *B. Mon.*, 638; *Lynn vs. Bradley*, 1 *Met. Ky. Rep.*, 234.)

It is therefore evident that it virtually belongs to the husband, he having a right to collect and appropriate it to his own use, or to sell and transfer it for a valuable consideration. And as the husband is a non-resident, his creditors have a right to have it applied to the payment of his debts, unless the wife has a right to it which is superior to that of the husband, his assignee, or creditor.

Tobin's guardian vs. Dixon and wife.

Although the assignee of the husband for a valuable consideration could hold it against the wife, claiming it by survivorship, yet if she were in a condition to demand a settlement, her equitable right thereto would prevail even against such assignee, and would also be superior in a court of equity to the right of the husband or his creditor.

But her equitable right to a settlement may or may not exist. Its existence depends on extrinsic circumstances. The law does not presume that the condition of the wife is such as entitles her to a settlement. The right must be asserted, and the facts which create it established by proof.

It follows from this principle that the creditor of the husband can subject to the payment of his debts choses in action to which the husband is entitled in right of his wife, and which he can reduce into immediate possession, unless the wife interpose and establish a right to an equitable settlement. In every case in which it has been decided by this court that the creditor of the husband could not have the aid of a court of equity to subject to the payment of his debt the choses in action to which the husband was entitled in right of his wife until a suitable settlement was made for the wife, a claim to a settlement was asserted by the wife, and her right thereto made apparent.

Here no claim to a settlement was asserted by the wife, but she appeared and demurred to the petition. Her demurrer was sustained, and the plaintiff's petition dismissed. That judgment is erroneous, unless it devolved on the creditor to allege in his petition that the wife was suitably provided for by the husband, and had no right to a settlement out of the fund which was sought to be appropriated to the payment of the husband's debt.

No such allegation was necessary; but it was incumbent on the wife, if she claimed such a right, to assert it; and when, being a party to the action, she fails to claim a right to a settlement, the presumption is that no such right exists.

Wherefore, the judgment is reversed, and cause remanded, that the demurrer to the petition may be overruled, and for further proceedings consistent with this opinion.