## STEWART ET UX *v.* LYON ET UX.

## J. F. DRASDALE *v.* LYON ET UX.

**Prima Facie Evidence of Insolvency—Return Nulla Bona.**
> The return of an execution, "no property found," is only prima facie evidence of insolvency.

**Same.**
> Such a return would not lay the foundation for the interposition of the court to make provision for a wife, out of the effects of the husband, without other evidence, allegation or prayer for that purpose.

APPEAL FROM GRANT CIRCUIT COURT.

September 21, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

It was expressly decided by this court in the case of *Tobin's Guardian vs. Dixon and Wife* (*2 Met., 422*) that a chose in action which has accrued to a married woman during her coverture and which the husband can reduce to possession, can be subjected to

the payment of his debts at the instance of his creditors, unless such a state of case exist as to authorize the court to appropriate the fund sought to be subjected as an equitable provision for the wife.

In these cases the land sold to Poor, and for which the debt in controversy was created was this general estate of Mrs. Lyon, and although the note of Poor was made payable to her, it virtually belonged to her husband, and was liable to be subjected to the plaintiff's claims, subject to the right of Mrs. Lyon to have an equitable settlement made for her out of it, on the presentation of a proper case to authorize the chancellor to interpose in her behalf for that purpose.

Whether she might or not have shown herself entitled to have such a provision made for her does not appear in these cases. No such equitable provision was sought by her nor was it shown that her own circumstances, or those of her husband, required it. The fact that the plaintiffs' executions against Lyon were returned "no property found" at most, was only *prima facie* evidence of Lyon's insolvency. He may, neverthelesss, have been a man of wealth. The returns did not, therefore, lay the foundation for the interposition of the court to provide for the wife, without other evidence, allegation or prayer for that purpose.

The judgment must, therefore, be reversed, but on the return of the cause Mrs. Lyon will be allowed by amended pleading to assert her claim to an equitable provision should she ask to do so.

Wherefore, said judgments are reversed, and the causes remanded for further proceedings not inconsistent with this opinion.

*Drane, for appellants.*

*Rankin, Hamilton, for appellees.*