AGNES McLURE *v*. GEORGE WOLFE, ET AL.

**Husband and Wife—Estate of Wife—Chattels.**
Marriage invests the husband with absolute title to all the chattels of the wife not held as separate estate whether owned at the time of or acquired after marriage, and where goods are bought in the name of the wife and paid for with her money, yet as at the time she had not been empowered to hold property or to trade as a feme sole the title vested in her husband, and was subject to be seized to pay his debts.

**Chattels.**
If chattels are sold to the wife by a third person for her separate use and come to the possession of the husband, the legal title vests in him, and he will hold it as trustee for the wife.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 20, 1875.

OPINION BY JUDGE COFER:

Although the goods purchased of Miller are shown to have been bought in the name of Mrs. McLure, and were paid for with her means, and never reduced to possession by her husband, yet, as at the time of the purchase she had not been empowered to hold property, or to trade as a *feme sole,* the title vested in her husband, and the property became his, and was, therefore, subject to seizure and sale to pay his debts. The post-nuptial agreement between her and her husband that she should hold the property as her separate estate,

may have given her an equity as against him, but was wholly inoperative as to the husband's creditors.

If, instead of purchasing the goods of Miller with her funds, the same goods had come directly to Mrs. McLure from the estate of P. N. Bradley, it would not need either argument or authority to prove that the title would have vested in her husband; and that the articles were purchased in her name and paid for with her money cannot change the rule.

The case of *McClanahan v. Beasley,* 17 B. Mon. 111, is not like this case. There the slave in contest was sold to Mrs. Hopper as her own separate estate, and this fact, the court held, vested her with an equitable right to the slave, and made her husband a trustee for her. In this case Mrs. McLure does not seem to have had a separate estate, and she therefore had no such equity as made her husband a trustee. To hold that the mere fact that the goods were purchased in her name, with her money, made her husband a trustee, would be to set at naught the long settled and universal rule that marriage invests the husband with absolute title to all the chattels of the wife not held as separate estate, whether owned at the time of or acquired after marriage. The purchase from Miller in the name of Mrs. McLure, without a stipulation in the contract that the goods should be held by her as her separate estate, vested the absolute title in her husband as fully and as completely as if the purchase had been made in his name, and no agreement between the husband and wife could divest him of the title so as to defeat his creditors. Mrs. McLure was then incapable of holding personal property in her own name, nor could her husband hold it for her, unless when it came to his hands it was separate estate in the technical sense.

The case of *Miller and Wife v. Edwards, et al.,* 7 Bush 394, which is also relied on by counsel for the appellant, is unlike this case. The furniture attached in that case was purchased with money given by Mrs. Miller's mother, to purchase it for her separate use; and it seems to have been so purchased and recognized by the husband. The notes attached were held by a third person for Mrs. Miller, and were payable to her for her separate use; and upon the principles decided in *McClanahan v. Beasley,* might well be held not subject to the husband's debts, because they were the separate estate of the wife; and being her separate estate, the husband was held, on that account alone, to be a trustee for the wife. But in *Miller and Wife v. Edwards, et al.,* the decision was still more obviously right upon

another ground. The creditors of the husband had come into a court of chancery to subject that which in equity and good conscience belonged to the debtor's wife, and which they could not reach without the aid of the chancellor. In such cases it is well settled that the creditor will be postponed until equitable provision is made for the wife. *Tobin's Gdn., v. Dixon and Wife,* 2 Met. 422; *Sims v. Spalding,* 2 Duvall 121.

The rule is that if chattels sold to the wife by a third person for her separate use, come to the possession of the husband, the legal title will vest in him, and he will hold it as trustee for the wife. *McClanahan v. Beasley,* 17 B. Mon. 111. But otherwise, the title and beneficial interest will vest absolutely in the husband, discharged from all equities in the wife. The *ex parte* proceeding to have Mrs. McLure empowered under the statute to act as a *feme sole,* did not vest her with any right to the goods in contest, the sole object and effect of that proceeding being to remove the disabilities of coverture. But if the judgment would otherwise have operated to vest the title in her, it could not do so in this case, because the execution came to the hands of the sheriff and created a lien on the property on the 6th of March, and the decree was not rendered until the day after. In any view we have been able to take of the case, the judgment is right, and is therefore *affirmed.*

*J. C. Walker, John Roberts, for appellant.*
*William Mix, for appellees.*