1836.

TAGGARD
v.
TALCOTT.

---

### TAGGARD v. TALCOTT.

---

In a judgment creditor's suit, the defendant showed that years before he had received a sum from his wife's father, in her right, and placed it to her credit upon his books, with the understanding that it was to be her separate property and all furniture purchased with it was to be carried to the account of the fund as her sole property. On an attempt, by the judgment-creditor, to reach the furniture, the wife petitioned to have her equitable rights in it preserved : Held, that she was entitled to have it protected as her separate property.

Although a judgment-debtor was advised by counsel that he might collect money previously earned and apply it together with money in his possession, to purchase family supplies, yet, as it was an infringement of the injunction, an attachment was granted.

---

Nov. 21st,
1836.

Debtor and
Creditor.

Judgment-creditor's bill. The defendant, by his answer,. showed that in the year one thousand eight hundred and twenty-nine, he received from his wife's father, in her right, three thousand nine hundred and forty-five dollars; and placed the same to her credit upon his books, with the understanding that it was to be her separate property and all. furniture purchased with it was to be carried to the account

of this fund as her sole property. That the defendant was at that time rich. That he credited his wife in his ledger, but by neglect, he did not charge all the furniture which had been purchased; having debited her with only two hundred and seventeen dollars and sixty-five cents on that account.

A notice of motion for an attachment on the ground of the defendant's having infringed the injunction granted in the suit and because he did not give up the furniture had been served ; and a petition, on behalf of the wife, asking that her equitable rights in the furniture might be protected, was to come on at the same time.

Mr. *Charles Edwards*, for the complainant.

Mr. *Henry W. Warner*, for defendant and Mrs. Talcott.

THE VICE-CHANCELLOR:—According to the statements in the petition and the answer of the defendant, I think the wife is entitled to be protected in the enjoyment of the household furniture as her separate property. It was purchased with the money which her husband had received from her patrimonial estate and under an agreement that whatever was thus purchased should be considered the wife's separate property. Under the circumstances, this court will hold the husband to be the trustee of it for the wife ; Atherly, 330.

As between the husband and wife, she has an equity to have the agreement enforced and the property settled upon her ; and the husband's creditors, claiming for debts subsequently contracted, stand in no better situation, with respect to this equity of the wife's, than the husband himself. The complainant, as one of such creditors, is obliged to come here for aid to recover his debt. He is dealing with a court of equity ; and this court will not extend its aid to him, without first protecting the equitable rights and property of the wife : Clancy, 476.

This protection can be granted to her against her insolvent husband and his assignees, upon the petition of the wife: Atherly, 345.

I am of opinion, in this case as it now stands, that the

1836.

TAGGARD
v.
TALCOTT.

complainant has no right in equity to have the household furniture in question given up to the receiver for his benefit.

With respect to the motion against the defendant for an attachment for breach of the injunction. The injunction could not operate to prevent him from receiving and applying the proceeds of his subsequent earnings to the support of himself and his family : but he had no right to collect money previously earned and then due to him or to apply money then in his possession or under his control to the payment of other debts, although small ones and contracted for family supplies. This, it appears he has done, although under the advice of counsel and not supposing that he was thereby violating the injunction ; yet it is a disobedience which amounts constructively to a contempt and affords a sufficient ground for awarding an attachment in the first instance.

Order accordingly.