Nov. Term, 1846.

BARNETT v. GOINGS.

---

## BARNETT and Another *v.* GOINGS and Others.

If a husband sell his wife's land for his own benefit, under an agreement with her to purchase other land for her of equal value with that sold, and he afterwards, conformably to the agreement, make such purchase, and cause the vendor to execute the conveyance to his wife,—the land so conveyed will not

be subject, in equity, to the husband's debts, contracted subsequently to his payment for the land but before the execution of the conveyance.

Nov. Term, 1846.

ERROR to the *Allen* Circuit Court.

PERKINS, J.—This was a bill in chancery, setting forth that on the 17th of *March*, 1837, *Joseph Goings*, one of the above-named defendants, became indebted to the complainants in the sum of about 250 dollars; that in *March*, 1840, a judgment was obtained therefor in the *Allen* Circuit Court, upon which an execution had issued and been returned "no property;" that the fact was, that *Goings* had no property out of which the judgment could be collected at law. It charges that in the spring of 1831, he purchased, by parol, forty acres of land of one *Hatfield*, the consideration for which, in about two years after, the said *Goings*, by the proceeds of his labour, fully paid, but left the title remaining in said *Hatfield* till *March*, 1839, for the purpose of defrauding his creditors; that at that time, being sick and apprehending death, he caused said *Hatfield* to make a deed for the land to *Hannah Goings*, wife of said *Joseph*; and that said conveyance was made without any consideration passing from said *Hannah*, and for the purpose of defrauding complainants. The bill calls for an explicit answer to every allegation it contains, and particularly as to the consideration for, and motives to, the transfer of the land to said *Hannah*. The prayer of the bill is, that the land be decreed to be sold for the payment of complainants' demand against said *Joseph*; and that he, with his wife *Hannah*, be compelled to execute a deed therefor in fee-simple to the purchaser; and that a commissioner be appointed to make such deed, on the default of said defendants in so doing.

*Goings* and wife answered, denying all fraud, and the allegations in the bill generally except such of them as they expressly admit. They admit the debt to complainants, the judgment and execution thereon, and the want of property on the part of *Joseph Goings* to pay it. As to the consideration for, and motives to, the conveyance of the land to said *Hannah*, they say that in 1830 they resided in *Ohio* and were extremely poor; that said *Joseph* wished to remove to *Indiana* in the hope of bettering their condition, but did not possess the means of effecting such removal; that there be-

BARNETT
v.
GOINGS.

Saturday,
December 5.

longed at that time to said *Hannah*, as her separate property, an undivided interest in a piece of land in *Ohio*, hers by descent from her father; that said *Joseph*, then her husband, proposed to her to sell said interest and permit him to use the proceeds in their intended removal; that she agreed to the proposition, on condition that said *Joseph* would purchase for and vest in her the title to land in *Indiana*, where they should locate, equal in value to the interest in her inheritance she was about to sell, to which said *Joseph* agreed, and upon this agreement, her said interest was sold for seventy dollars, which sum was received by her husband, and used in their removal to, and location in, this state; that the forty acres of land in the bill mentioned were purchased, on their settling in *Indiana* in 1831, by her said husband, and the title vested in said *Hannah* in fulfilment of the agreement made in *Ohio* upon which her separate estate was sold; that the land purchased was wild, and not of value exceeding seventy dollars; that the deed for the same would have been made to her on the payment of the consideration, had she not agreed with said *Hatfield*, that the title should remain in him as security for the advancement to her of a small amount of means, to enable the family to subsist, her husband being in feeble health and unable to provide them a support, and fulfil his other engagements.

The cause was submitted to the Court on bill, answer, and exhibits, and the bill dismissed.

We think the decision was right. The law applicable to this case is thus laid down in 2 Kent's Comm. 173: "The settlement made after marriage between the husband and wife may be good, provided the settler has received a fair and reasonable consideration in value for the thing settled, so as to repel the presumption of fraud. It is a sufficient consideration to support such a settlement that the wife relinquishes her own estate, or agrees to make a charge upon it for the benefit of her husband, or even if she agrees to part with a contingent interest;" and when valid, "these post-nuptial settlements will prevail against existing creditors and subsequent purchasers." The same doctrine is laid down in 2 Story's Eq. 601, 2, and is settled law. See *Picquet* v. *Swan*, 4 Mason, 443. In the case under consideration, the

land was conveyed to the wife by *Hatfield*, by the procurement of the husband, upon a valid·consideration passed· from the wife to the husband; and there is not the slightest evidence of fraud. Equity will not annul that conveyance, nor deprive the wife of her title.

It may be observed that the present complainants, as shown in their bill, did not become the creditors of *Joseph Goings* until six years after his purchase for his wife of the land in question, and until four years after it was paid for.

*Per Curiam.*—The decree is affirmed with costs.

*H. Cooper*, for the plaintiffs.

*D. Wallace*, for the defendants.