Nov. Term,
1854.

TOTTEN
v.
McMANUS.

</div>

---

## TOTTEN *v.* McMANUS and Wife.

Chancery has no jurisdiction to subject choses in action to execution, in the
absence of a statutory provision to that effect.

The separate property of the wife will be protected by Courts of Equity both
against the husband and his creditors.

This protection was afforded, too, in this state, prior to the passage of c. 6, on
p. 45, of the acts of 1847.

Courts of Equity will hold the husband and his heirs trustees of the wife's
separate property, as against creditors, if he has taken possession of it
otherwise than by gift, express or implied.

ERROR to the *Delaware* Circuit Court.

STUART, J.—Bill in chancery by *Totten*, a judgment-
creditor of *McManus*, showing judgment, execution and
return of *nulla bona;* and seeking to subject—

<div align="right">

Saturday,
December 2.

</div>

1. Certain choses in action to the payment of the judgment.

2. Certain lands which were purchased by *Lydia Mc-Manus*, the wife, after the coverture, in her own name, with means which she had before the marriage, and which she reduced to cash after the marriage.

The bill was demurred to in the Court below, the demurrer sustained, and the bill dismissed.

There is no brief filed for *McManus*.

The first question raised is settled against *Totten* in *Shaw* v. *Aveline, ante*, p. 380. Chancery has no jurisdiction to subject choses in action to execution in the absence of a statutory provision to that effect. See authorities cited in *Shaw* v. *Aveline, supra.*

The second question raised is equally well settled against *Totten*. The separate property of the wife will be protected by Courts of Equity, both against the husband and his creditors, and that too prior to the statute referred to in argument. Acts of 1846-7, c. 6, p. 45. The bill admits that the wife had property before the marriage which she turned into cash during the marriage, and invested in the land sought to be subjected to execution. But it is contended that the moment the money came into her hands, it became the property of the husband. So far from this, Courts of Equity will even hold the husband and his heirs trustees of the wife's separate property, if he take possession of it in any other way than by gift, express or implied.

In *Taggard* v. *Talcot*, 2 Edwards Ch. R. 628, this doctrine is fully recognized. In that case, the defendant received from his wife's father, in her right, 3,945 dollars, and placed it to her credit upon his books, with the understanding that it was to be her separate property, and that all the furniture purchased with it was to be carried to the account of this fund as her sole property. The furniture sought to be levied was bought with her money. *Held*, that she was entitled to have it protected as her separate property; and that the Court would hold the husband as trustee for his wife. The claim for the husband's debts, subsequently contracted, stood in no better situation than

would the claim of the husband; and that Court cite, in
support of this position, Atherby 330, 345, Glancy 476.

Even this Court has enforced against creditors a post-
nuptial agreement made between husband and wife, where
there was a good consideration, and no tincture of fraud.
*Barnett* v. *Goings*, 8 Blackf. 284.

The wife, in the present case, showed no disposition to
part with the control of her separate property, by bestowing
it as a gift or otherwise upon her husband. On the con-
trary, she re-invests it in her own name.

The promises to pay, &c., which the bill alleges to have
been made by her during coverture, can not be seriously
urged.

*Per Curiam.*—The decree is affirmed with costs.

*T. J. Sample*, for the plaintiff.

*J. S. Buckles*, for the defendants.