May Term,
1857.

RESOR
v.
RESOR.

RESOR v. RESOR and Another.

In this case, an infant was joined as co-plaintiff with his mother. The latter describes herself in the complaint as his next friend. *Held*, on demurrer, that this was sufficient.

Husband and wife cannot, during the marriage, make contracts with each other, without the intervention of a trustee, which will be enforced at law; but a Court of equity will hold the husband and his heirs trustees of the wife's separate property, if he take possession of it in any other way than by gift, express or implied.

Although the presumption is that money of the wife, reduced to possession by the husband during the marriage, becomes his, such presumption is not conclusive; and the husband may so treat such money as to charge himself and his heirs, as trustees of the wife, with the duty of applying it to her separate use.

And where it was agreed that the husband should invest the wife's money in land for the use of her and her son, or return it to her—

*Held*, 1. That in the former alternative, a resulting trust would be created in the land in favor of the wife; in the latter, it would be money had and received to her use.

2. That even if the agreement was verbal, it was not within the statute of frauds.

When the defendant answers, any relief may be granted consistent with the case made by the complaint, and embraced by the issue.

APPEAL from the *Tippecanoe* Circuit Court.

*Tuesday,
June 9.*

GOOKINS, J.—This was a complaint by *Jane Resor* and by *Samuel M. Snyder*, an infant, by *Jane Resor*, his next friend, against *Henry C. Resor*, in the nature of a bill in chancery, setting forth the following facts:

That the plaintiff, *Jane*, who was the mother of her co-plaintiff, by a former marriage with one *Snyder*, after the death of said *Snyder* intermarried with one *Hiram Resor*, father of the defendant, by a former marriage; that *Hiram Resor* died, leaving no issue of the last marriage alive; that said *Jane* had an estate in land coming to her from her father, *John Brelsford*, deceased, worth 627 dollars; that said *Hiram*, wishing to purchase a certain forty-acre tract of land, and not having means wherewith to make the purchase, desired her to sell the interest she held in her father's estate, which she was unwilling to do, but finally yielding to his persuasions, sold the land, and placed in his hands 627 dollars, the proceeds thereof, for the purchase of said forty-acre tract, on the express condition that the said

tract, or forty acres of other land, should be conveyed to her and her son *Samuel*, or that he should repay her the money with interest—it being her intention to reserve said fund for the benefit of her son; that in *May*, 1849, the said *Hiram* bought said tract of land for 480 dollars, and paid for it with the money so received, taking the title in his own name; that he held it until his death, and did not repay said money—the said *Hiram* having died soon after he made the purchase, leaving the defendant his only heir, and the plaintiff, *Jane*, his widow, surviving him. The plaintiffs insist that the land is held by the defendant in trust for them, and pray that it be conveyed to them, or that it be sold, and out of the proceeds the money be refunded with interest, or that it be paid out of other assets of the estate which came to the hands of the defendant; and for general relief.

The defendant being an infant, a guardian *ad litem* was appointed for him, who appeared and demurred to the complaint, assigning several causes, all of which are comprehended within the first and fourth. The demurrer was overruled.

The first ground of demurrer is, that the plaintiff, *Snyder*, was shown to be an infant, and the requisite steps were not taken to enable an infant to sue.

Supposing this could be assigned as a cause of demurrer under the statute, the objection, we think, is not well taken. The code of practice (2 R. S, p. 29, s. 11) requires that before process shall be issued in favor of an infant who is a sole plaintiff, a competent and responsible person shall consent in writing to appear as the next friend of the infant. This infant was not a sole plaintiff, and the mother having described herself in the complaint as his next friend, that was sufficient. The Court has the whole subject under its control, and may at any time take such steps as may be necessary to secure the rights of the infant. 2 R. S. p. 29, ss. 11, 12.—*Id.* p. 324, s. 8.

The fourth cause assigned for demurrer is, that the complaint does not state facts sufficient to constitute a cause of action.

May Term, 1857.

RESOR
v.
RESOR.

It is insisted, 1st, that the contract set out in the complaint is uncertain; 2d, that it was void under the statute of frauds—not being in writing; and, 3d, that it was void—having been made between husband and wife during their marriage.

Did the right of the plaintiffs to relief rest upon the form of the contract exclusively, there would be much force in the objection of uncertainty in its terms; but we think that if the plaintiffs are entitled to relief at all, it results chiefly from the fact that the husband received money to the use of the wife under such circumstances that a Court of equity will hold him bound to invest it for her benefit. With reference to this point, as well as to the other objections taken to the complaint, we may remark that it has been often held that husband and wife were not, during the marriage, capable of making contracts with each other, without the intervention of a trustee, which would be enforced at law (*Doe* v. *Hurd*, 7 Blackf. 510.—*Fletcher* v. *Mansur*, 5 Ind. R. 267); but it has also been decided that Courts of equity will hold the husband and his heirs trustees of the wife's separate property, if he take possession of it in any other way than by gift, express or implied. *Barnett* v. *Goings*, 8 Blackf. 284.—*Totten* v. *McManus*, 5 Ind. R. 407. See, also, *Wilkins* v. *Miller*, at the present term (1). The case of *Taggard* v. *Talcot*, 2 Edw. Ch. 628, referred to in *Totten* v. *McManus*, *supra*, is strongly in point, in favor of the appellees; and the several cases cited establish the principle, that, although the presumption is that money of the wife reduced to possession by the husband during the marriage becomes his, such presumption is not conclusive; and the husband may so treat it, as to charge himself and his heirs as trustees of the wife, with the duty of applying it to her separate use. Inasmuch as the case rests upon this duty, rather than upon the terms of the contract, it is relieved of the objections of uncertainty, and that it was made between husband and wife.

The case is not, in any view of it, affected by the statute of frauds. Probably, under our statute requiring all contracts to be set forth with the pleading, the former rule,

that the statute applies to the proof, and not to the allegation, would be changed. Admit this to be so, and that the agreement alleged must be presumed to be verbal, the complaint does not make a case within the statute. The agreement alleged is, that the husband would invest the money in land for the use of the wife and her son, or return it to her. In the latter alternative, it was money had and received to her use; in the former, it created a resulting trust in the land in favor of the wife. *Blair* v. *Bass* ,4 Blackf. 539.—*Fausler* v. *Jones*, 7 Ind. R. 277. Such a trust was never held to be within the statute of frauds.

We think the complaint showed a case entitling the plaintiffs to relief, and that the demurrer was properly overruled.

A guardian *ad litem* answered for the defendant. The cause was submitted to the Court, and judgment rendered for the plaintiffs for 284 dollars. We infer from the evidence adduced, that 200 dollars only of the wife's money was found to have been used, with other moneys of the husband, in the purchase of the land, and that it was deemed equitable to return that amount with interest, rather than to enforce the trust. We see no objection to this. When the defendant answers, any relief may be granted consistent with the case made by the complaint, and embraced within the issue. 2 R. S. p. 123, s. 380.

It is objected that the evidence does not support the judgment; but there was no motion for a new trial, and we cannot review it.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*S. A. Huff, Z. Baird,* and *J. M. La Rue,* for the appellant (2).

*W. C. Wilson,* for the appellees.

(1) *Ante,* 100.

(2) Counsel for the appellant cited the following authorities :