CHIEE JUSTICE ROBERTSON
delivered the opinion op the court.
The chancellor of Louisville, in a proceeding for that purpose, subjected to the claims of the appellees as creditors of the appellant, James B. Miller, promissory 'notes and household furniture claimed by his wife and co-appellant, Nannie F. Miller, as her separate estate, bought to that use with her own money.
When in the year of 1860 the appellants intermarried, the husband owned no property, and the wife, then an orphan about seventeen years of age, was the owner of two hundred and seventy-five acres of land in Henry County, Kentucky, descended from her father, and a distributive fund of two thousand five hundred dollars in her guardian’s hands. To reinvest in a more desirable farm in( Shelby County, she concurred- with her husband in selling the Henry place, and purchasing the Shelby farm with the proceeds of that sale and her two thousand five hundred dollars, on the express condition that the title should be secured to her separate use. For reasons consistent with the husband’s integrity, the title to the Shelby farm was without her knowledge or consent *397 conveyed to Mm absoMtely. When some time afterward she discovered the apparent condition of the title, she concurred in the sale of that farm, and a reinvestment of a portion of the proceeds in a smaller place, to be secured to her as the other was to have been. Accordingly the Shelby farm was in December, 1865, sold for $18,805.95, and a tract of one hundred and ninety-three acres was bought for $14,524.70, paid out of the proceeds of the other place. But without her knowledge or consent the title was again conveyed to the husband for a singular reason, but consistent with his honor. Discovering this error, she agreed to the sale of that tract to Foree for fourteen thousand dollars, and to the appropriation of two thousand dollars of the price to the payment of all the debts which her husband owed, on the express condition that the notes for the residue should be made payable to him for her separate use, and deposited with a stranger to keep for her. And all this being so done, these are the notes attached by the appellees.
About the same time the mother of appellant Nannie gave her nearly five hundred dollars, and intrusted it to her husband to be invested for her separate use in household furniture, and which was afterward purchased by her and in her own name, and recognized by her husband as her own exclusive property. And this is the furniture attached in this case and subjected by the chancellor to the use of the appellees.
The foregoing facts show that the appellant Nannie, without any voluntary act for placing the ostensible title in her husband, and without the semblance of fraud in any respect, has already, through her husband and his creditors, lost at least half of her patrimonial estate, and if the judgment in this case be affirmed she will have lost nearly the whole of it. But such loss can not be sanctioned by the facts and the established principles of equity. Such a contract as that made with her husband before her land was sold is valid and enforceable, *398 as between the parties to it, as a prudent mode of preserving her estate against his improvidence or capricious power. Even without any explicit stipulation an available trust resulted by implication, unaffected by the statute of frauds or of conveyances. This principle now requires no citation of authorities in its support. Nor does section 20, chapter 80, of our Revised Statutes affect the trust, because the title was conveyed to her husband against her will and in violation of fiducial faith.
There is no ground to presume that the husband ever intended to convert the wife’s estate or its- proceeds to his own use, or that any act of hers sanctioned any such conversion. As between themselves therefore all that remains is equitably as much hers as ever it was.
The execution of the notes to her separate use was consequently not a voluntary settlement of which creditors could complain, but only a partial fulfillment of a long antecedent trust, founded on not only a valuable but sacred and much more than a commensurable consideration. The notes, expressing the trust on their face, could deceive no creditor, and would give notice to any purchaser or other assignee. The appellees do not stand in the attitude of purchasers, and in that of creditors their equity is less meritorious than that of the appellant Nannie, and long posterior to its origin continuously preserved. Before they became creditors they had constructive notice of her rights, and a court of equity should not help them to divest her of this fragment of her inheritance.
The furniture, though ostensibly in the husband’s possession, and therefore technicaily his property, was nevertheless and yet is beneficially hers. No written memorial or registration in such a case is required by law. And though a purchaser from the husband without notice might have been entitled to hold, yet a mere creditor can not prevail against the wife’s clear equity. This is virtually so settled by the case of McClanahan v. Beasley, 17 B. Monroe, 111.
*399 Wherefore the judgment is reversed, and the cause remanded with instructions to dismiss the petition against the appellant Nannie, and proceed against J. R. Miller alone.