### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1882, IN THE SIXTY-SEVENTH YEAR OF THE STATE.

85    1
125   399
85    1
148   357
150   301

No. 9325.

## HILEMAN, ADMINISTRATOR, v. HILEMAN.

HUSBAND AND WIFE.—*Contract.*—*Wife's Separate Property.*—Under statutory provisions that a wife's separate property shall remain her own, and that she may contract concerning it, or part with it, only with the consent of the husband, her contract with the husband does not bind her.

SAME.—*Statute of Limitations.*—*Trust and Trustee.*—*Demand.*—If a wife sue her husband or the administrator of his estate upon his express promise to repay money received of her, the statute of limitations may be pleaded; but if, disregarding the contract, she treat him as a trustee, as she may, the statute affords no defence until after demand and refusal to account, or the equivalent thereof.

SAME.—*Presumption.*—*Husband a Trustee.*—The presumption under the statute is that the money or property of a wife acquired by descent, devise or gift, remains her separate property, and that, if the husband takes the possession and management thereof, he does it as trustee for her.

SAME.—If a husband collect or receive moneys owing or belonging to his wife, or instead thereof take up and cancel his own obligations, he is accountable to her.

SAME.—*Advancement to Daughter by Giving Credit to Husband.*—If a father make an advancement or gift to his daughter by reducing the price of land conveyed to her husband, the latter, in the absence of an express

promise, is not liable to his wife, as trustee or otherwise, for the amount of the reduction.

PLEADING.—*Claim Against Estate.*—A formal complaint is not necessary in prosecuting a claim against an estate.

From the Madison Circuit Court.

*C. L. Henry* and *W. S. Diven,* for appellant.

*J. W. Sansberry, M. A. Chipman* and *H. C. Ryan,* for appellee.

WOODS, C. J.—The appellee obtained judgment for $1,131.-90, upon a complaint charging that the appellant's intestate, Robert Hileman, died " indebted to her for certain trust funds he had and held during his life and at the time of his death for her use and benefit." With the complaint is the following bill of particulars:

" June, 1864, to cash credited on indebtedness of
     Robert Hileman . . . . . . . . . . . . .$   300.00
Oct. 19th, 1865, from Paul Mauls, adm'r . . . . · 315.00
     *   *   *   (Items amounting to) . . . . . .   463.33
March 20th, 1877, to cash received from the es-
     tate of Marion Tillson . . . . . . . . .   225.00
                              —————

    " Total amount so received in trust . . . . $1,303.33."

It is claimed that the verdict is not supported by the evidence and is contrary to law, and that the damages are excessive.

The evidence shows that the appellee and the decedent were husband and wife; that the decedent, while in life, purchased a tract of land of the appellee's father, and that as a gift or advancement to the appellee, on her share in her father's estate, the price of the land was made less by $300 than otherwise it would have been, and for the remainder of the purchase-money, not otherwise paid, the decedent made his notes to the vendor. This is all the evidence in support of the first item of the bill of particulars.

In respect to the second item, the evidence shows the death of the appellee's father, and that, upon or in the course of the

settlement of his estate, there was coming to her, as an heir, · a sum equal to the amount of that item, and that for that amount the deceased received and took up one of his notes given for the purchase-money of the land aforesaid; and, in support of the last item, it is shown that the appellee was entitled to a legacy under the last will of Marion Tillson, and that, instead of receiving the money, her husband took a credit for the amount on another of the notes aforesaid, which, upon the settlement of the estate of the appellee's father, had gone: into the hands of the said Marion Tillson.

Upon these facts it is insisted, and we think correctly, that in respect to the first item, the claim of the appellee can not be sustained. There is nothing whatever in the evidence to· show an agreement or understanding that the husband should account for or pay to the wife the sum so allowed him as a reduction upon the price of the land; and, in the absence of such an agreement or understanding, there is no principle of law which raises a promise to pay, nor of equity which either creates a trust in her favor in the land itself, or makes the husband liable for so much money received in trust for her. The transaction amounted to a gift to the husband.

In respect to the second and last items, it is claimed that the evidence fails because it does not show that the intestate received money or funds as charged in the complaint, but only credits on his own notes.

If the strict rules of pleading were applicable, this posi-· tion would perhaps be maintainable; but it has been held: that a formal complaint is not necessary in prosecuting a claim against an estate, a succinct statement of the nature· and amount of the claim being all that the statute requires.. *Ginn* v. *Collins*, 43 Ind. 271; *Post* v. *Pedrick*, 52 Ind. 490.. The complaint in this instance, besides the bill of particulars, shows the sources from which the money was received: by the intestate, and neither he nor his representative ought to be heard to say it was not money, merely because it consisted of his promises to pay money taken up instead of the·

money itself. Having taken his own notes, in lieu of money coming to his wife, and having presumably cancelled or destroyed the notes, instead of holding them for her use or turning them over to her, as he ought to have done, he may, without great impropriety of averment, be charged as holding the amount of the notes in trust for her.

In respect to the other items, there is sufficient evidence to show that the deceased received the amounts in money either from the appellee or from others for her; and those items, added to the second and last, make the sum of $1,003.33 and leave but $127.57 of the verdict to be accounted for, without consideration of the first item in the bill of particulars. The verdict was not rendered until after the lapse of two years and three months from the granting of letters, and interest for that time, added to the principal sum above named, approximates very nearly the damages awarded.

A number of exceptions were saved in reference to the giving, refusing and modifying of instructions; but the single question presented arises upon the sixth instruction given at the instance of the appellee, which reads in this wise:

"The presumption of law under our statute is that the money and property of the wife, that she has during her marriage acquired by descent, devise or gift, remains her separate property or money, even after her husband has taken possession of the same and assumed the management and control of it, and that he in good faith holds the same for her use and benefit; and before you can find the contrary in this case, you must be satisfied, by evidence sufficient to overcome that presumption, that such money or property was allowed to pass into the hands of her husband with the intention to make a gift of the same to him."

This is in accord with the declaration in *Resor* v. *Resor*, 9 Ind. 347, where it is said: "We may remark that it has been often held that husband and wife were not, during the marriage, capable of making contracts with each other, without the intervention of a trustee, which would be enforced at law

(*Doe* v. *Hurd*, 7 Blackf. 510.—*Fletcher* v. *Mansur*, 5 Ind. 267) ; but it has also been decided that courts of equity will hold. the husband and his heirs trustees of the wife's separate property, if he take possession of it in any other way than by gift,. express or implied." In support of this are cited *Barnett* v. *Goings*, 8 Blackf. 284 ; *Totten* v. *McManus*, 5 Ind. 407 ; *Wilkins* v. *Miller*, 9 Ind. 100 ; *Taggard* v. *Talcott*, 2 Edw. Ch. 628..

The exact objection made by the appellant to the instruction is that it omits, and by implication at least excludes, the proposition that the appellee might have loaned her money to her husband, and, if so, could not recover it in this action,. because in such case the right of action had been barred by lapse of time, which, by force of statutory provision, was available to the appellant under his plea in general denial, without special plea. *Niblack* v. *Goodman*, 67 Ind. 174. See R. S. 1881, sec. 2324.

Many cases may be found wherein it has been held or said that a wife may loan money to her husband, and so make him her debtor in equity, but it is clear that at common law there can be no binding contracts between husband and wife ; and where it has been provided by statute that her separate property shall remain her own, and she is authorized to make contracts concerning it, or to part with it, only with the consent of the husband, any attempt at making a contract with him must be without binding force upon her. 1 R. S. 1876, p. 550, sec. 5 ; p. 412, sec. 5 ; cases *supra*. See, also, *Dayton* v. *Fisher*,. 34 Ind. 356 ; *Davis* v. *Davis*, 43 Ind. 561 ; *Smith* v. *Smith*, 80 Ind. 267 ; *Bassett* v. *Bassett*, 112 Mass. 99 ; *Jaycox* v. *Caldwell*, 51 N. Y. 395 ; *Savage* v. *O'Niel*, 44 N. Y. 298 ; *Campbell* v. *Campbell*, 21 Mich. 438 ; *Thoms* v. *Thoms*, 45 Miss. 263 ; *Ximines* v. *Smith*, 39 Tex. 49 ; *Monroe* v. *May*, 9 Kan. 466.

It may be that in case of an express promise of a husband to repay to his wife money received or borrowed of her, though not bound by the contract herself, she can, if she chooses, enforce it against him, and that, in a suit brought for that purpose, the statute of limitations can be pleaded to the

action; but, on the other hand, we deem it also clear that she may in such case disregard the contract entirely, and treat her husband as holding in trust for her the money or property of which he shall have obtained possession; and, this being so, the statute of limitations does not commence to run until a demand has been made upon the trustee, or until there has been a repudiation of the trust. "It does not bar so long as the trust is continuing and acknowledged." *Raymond* v. *Simonson,* 4 Blackf. 77; *Smith* v. *Calloway,* 7 Blackf. 86; *Cunningham* v. *McKindley,* 22 Ind. 149; *Albert* v. *State, ex rel.,* 65 Ind. 413.

It follows that if the instruction be conceded to be inaccurate in the respect suggested, the error was harmless. By the form of the complaint, the appellee elected to treat her husband as a trustee of the moneys for which she made claim against his estate, and, even if upon the evidence adduced the jury might have found that a loan was intended, and that the husband promised to repay—facts of which there is certainly no explicit evidence, and the circumstantial evidence, if any, very meager—it would have been immaterial in respect to the statute of limitations, because there is no evidence whatever upon which it can be claimed that the trust had been denied or a demand made before the death of the appellant's intestate, and the action was brought within three years thereafter.

Judgment affirmed.