No. 9925.

## REAM *v.* KARNES ET AL.

FRAUDULENT CONVEYANCE.—*Insolvency.—Complaint.*—An averment, that the defendant in an execution had not, when the execution was issued, as much personal property as is by law exempt from execution, and that in 1880 he conveyed the real estate in question to his wife, thereby leaving no property in his hands subject to execution, sufficiently shows the debtor's insolvency to justify a levy on property fraudulently conveyed.

SAME.—*Consideration.— Husband and Wife.— Resulting Trust.*—In 1846, money of the wife belonged by law to the husband, and a purchase by him of lands therewith, in his own name, created no resulting trust in her favor, and a conveyance of such lands to her, without any other consideration, would be fraudulent as against his creditors.

From the Miami Circuit Court.

*R. P. Effinger* and *M. Winfield,* for appellant.
*J. M. Calvert, H. J. Shirk* and *J. Mitchell,* for appellees.

FRANKLIN, C.—This was a suit brought by the appellant against the appellees, including the sheriff of Miami county, to quiet her title to certain land, and to enjoin the sale of the same by the sheriff upon executions in favor of the other defendants.

The defendants filed a joint answer and separate answers, and, except the sheriff, separate cross complaints, each in two paragraphs. Demurrers were filed to each paragraph of the several cross complaints, and severally overruled by the court. An answer in two paragraphs was filed to the several cross complaints. A demurrer was filed to the second paragraph of answer, overruled, and a reply in denial filed.

There was a trial by jury, a special verdict returned, upon which, among other motions, each party moved for judgment. The court overruled appellant's motion for judgment in her favor, and sustained appellees' motion, and rendered judgment in favor of appellees for costs.

Errors have been assigned upon the foregoing rulings.

The paragraphs of the separate cross complaints are very much alike, and appellant has selected one as a sample of all, in which, the objection to the first paragraph is, that it does not allege that John Ream had not other property sufficient to pay his debts.

It alleges that each of the judgment defendants "had previous to the levy on said lands filed their schedule in exemption on execution issued against them, and that neither of them had as much personal property as is allowed by law to a debtor as exempt from execution; that said John Ream, on the 11th day of March, 1880, conveyed said real estate to his wife, Elizabeth Ream, the plaintiff herein, without leaving any property in his own name to pay the said defendant Mary Stoneman her debt, or any part thereof."

We think this sufficiently shows John Ream's insolvency, without this land, at the date of the execution of the deed, and the fact, that he filed his exemption schedule to the execution herein sought to be enjoined, sufficiently shows that he

so remained insolvent up to the commencement of this suit and the filing of the cross complaint.

We think this paragraph of the cross complaint is sufficient to withstand the demurrer, as against the only objection presented.

The objection to the second paragraph of the cross complaint is that it attempts to plead an estoppel, but does not state facts sufficient to constitute an estoppel.

This paragraph substantially alleges that said John Ream and others, on the 8th day of May, 1877, executed a note to her for $200; that at that time, and for thirty years immediately previous thereto, to wit, from June 20th, 1846, the said John Ream held the legal title by deed to the land described in the complaint; that she recovered a judgment on said note on the 2d day of June, 1880, and caused an execution to issue thereon on the 21st day of July, 1880; that the sheriff demanded property thereon on the 26th day of July, 1880; the said execution defendants refused to turn out any, and said sheriff, after making diligent search for the same, failed to find any; and that on the 13th day of November, 1880, he levied the same on the said lands; that before said levy each of said execution defendants filed an exemption schedule of property, and neither had any property subject to execution; that said John Ream and the plaintiff Elizabeth Ream are husband and wife, and that said John Ream, on the 11th day of March, 1880, conveyed said real estate to his wife, said Elizabeth Ream, without leaving any property in his own name to pay the defendant; that said John Ream purchased said land in 1846, and took the title in his own name; that she admits that said Elizabeth furnished the money out of her own means to said John Ream to purchase said land; but, notwithstanding this, she avers that said Elizabeth permitted her said husband to hold the legal title thereto in his own name continuously for a period of over thirty-three years, to wit, from June 20th, 1846, to March 11th, 1880; that she permitted him during said entire time to treat said lands as his own, cultivating them

and selling the proceeds thereof, and to hold himself out to the world as the sole owner thereof; that she permitted him to pay taxes thereon and have the same taxed in his name during said entire time; that she permitted him to incorporate his own means in it, by making lasting and valuable improvements thereon, of the value of $4,500, specifying such improvements, and alleging that all of them were made with his own means, and which facts were all well known to the plaintiff; that at the time said note was given said defendant had no knowledge whatever that said lands were bought with moneys belonging to said plaintiff, nor that she claimed any interest or title to said lands, but believed said John Ream was the owner thereof in good faith, and knew no better until after said John Ream had conveyed said land by deed to said Elizabeth.   Wherefore, etc.

The view that we have taken of this paragraph of the cross complaint renders it unnecessary to examine and decide upon the sufficiency of the facts stated to constitute an estoppel to the plaintiff's equitable claim to the lands.

From the facts stated, we conclude that the plaintiff never had any equitable claim to the lands.

The facts stated show that the money, although it came from the estate of the wife's father, was invested by the husband in the lands in his own name, in 1846.   At that time the common law rule, that the money belonged to the husband by virtue of his marital relations, prevailed, and without any agreement or directions to the contrary, he had a right to invest the money in lands in his own name, without any claim resulting to his wife.   If there was anything in the transaction that made it an exception to the common law rule, in order to make it available, it must be set up by way of answer to the cross complaint, and not by demurrer.

There was no error in overruling the demurrers to the cross complaints.

The next specification of error insisted upon is that the

court erred in overruling appellant's motion for judgment on the special findings of the jury.

The special findings are too numerous and lengthy to copy in this opinion. They substantially show that appellant and her husband moved to this State in the year 1846; that she had $800, derived from her father's estate, with which she directed her husband to purchase real estate; that he invested the same in the 160 acres of land described in the complaint, and took the deed in his own name; that they took possession of and lived upon the land from that time forward; that on the 11th day of March, 1880, the husband conveyed the lands to appellant to prevent them from being sold to pay his debts; that before that time he had become involved in debts to the amount of $6,000, which then existed; that they lived upon the farm as a common family, without any agreement as to how it should be managed; that he invested the proceeds of his labor and the products of the farm during the time in making improvements thereon; that he paid the taxes, made the improvements, and exercised acts of ownership over the lands from 1846 to March 11th, 1880; that defendants believed he was, and relied upon his being, the owner of said real estate; that appellant knew when the deed was made to her on March 11th, 1880, of her husband's indebtedness to defendants; that the husband had incorporated his own means in the improvement of the lands; that the deed to the husband was duly recorded in July, 1847; that when he deeded the lands to his wife, he had no property left subject to execution. "That appellant was ignorant of her true estate of title to said lands until her husband became involved, when she learned the title was in her husband, and to prevent these lands from being sold to pay his debts, she requested him to make a deed to her, which he did." The jury also found that the consideration of the deed was $800, but it was "further stated therein as the consideration of said deed, that the lands were purchased with her money, and the title taken in his name by mistake, and that said deed was exe-

cuted to correct said mistake or for to stay said judgments and executions."

This mistake, having rested so long undiscovered, would probably have remained so, had not her husband become involved in debts.

There is nothing in the findings creating any trust in the husband.

The request that the money be invested in real estate, did not require that the real estate should be held for her use, and under it the deed would rightfully go to the husband. It does not appear that any question was then made as to whom the deed should be made. And it seems as though there was then a surrender by the wife to the husband of all claim to the money or the property in which it was invested.

As there is nothing in this case that makes it an exception to the common-law rule, the husband having reduced the wife's money to his possession, and invested it in real estate in his own name, he became both the legal and equitable owner of the lands at the date of the deed in 1846. 1 Shars. Bl. Com. 434; *Miller* v. *Blackburn*, 14 Ind. 62; *Lichtenberger* v. *Graham*, 50 Ind. 288; *Westerfield* v. *Kimmer*, 82 Ind. 365; *Waldron* v. *Sanders*, 85 Ind. 270. See authorities therein cited.

According to these authorities, the husband being in law the owner of the money at the time of its investment, there was no consideration for the deed made by him to his wife on the 11th day of March, 1880. The deed was clearly made to defraud creditors, and as such is void as to them. The special findings clearly establish appellees' counter-claims, and appellant had no right to judgment in her favor upon the facts found. There was no error in overruling her motion. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.