No. 10,955.

## DERRY ET AL. *v.* DERRY.

PRACTICE.—*Supplemental Complaint.—Demurrer.*—A demurrer to a supplemental complaint is unwarranted and presents no question.

TRUST AND TRUSTEE.—*Husband and Wife.—Purchase of land with Wife's Money.*—Where a husband, prior to July 24th, 1853, invested the proceeds of his wife's lands in other lands, taking title in his own name with her consent, but agreeing to hold it for her, a trust resulted in her favor.

SAME.—*Resulting Trust.*—A payment of part of the purchase-money with trust funds will create a resulting trust to the extent of the payment.

From the Hancock Circuit Court.

*J. A. New* and *J. W. Jones,* for appellants.

*W. R. Hough,* for appellee.

COLERICK, C.—This action was brought by the appellee against the appellants for the partition of certain real estate in Hancock county, Indiana. The complaint, in substance, averred that one Jeremiah Derry died intestate, seized of the land in controversy, leaving surviving him, as his only heirs at law, the appellee, who is his widow, and the appellants, who are his children and grandchildren; that the appellee, as such widow, was the owner of the one undivided third part of said land, and that the other two-thirds were owned by the appellants in certain specified shares. Wherefore she prayed that her interest therein might be set apart to her, etc.

An answer in three paragraphs was filed, but afterwards the first paragraph, being the general denial, was withdrawn. In the second paragraph it was averred that the appellants were the only heirs at law of Malinda Derry, deceased, who was, at the time of her death, the wife of said Jeremiah Derry; that Malinda, in her lifetime, authorized and empowered her husband to purchase for her the land in controversy, and that he accordingly purchased the same for her, and paid the purchase-money therefor with her money, which she furnished for that purpose, and that he, without her knowledge or consent, caused the land to be conveyed to himself. In the third paragraph it was alleged, as in the second, that the ap-

pellants were the only heirs at law of Malinda Derry, who was at the time of her death the wife of said Jeremiah Derry, and it was then averred that on the — day of ——, 1853, Malinda purchased of Warren G. Smoot the land in controversy, and paid him the full price therefor with money of her own separate estate; that at the time of said purchase and the execution of the deed of conveyance for the land, it was agreed by and between her and her husband, in good faith and without any fraudulent intent, that Smoot should execute the deed for said land to her husband, and that he should hold the same in trust for her; that, in pursuance of said agreement, Smoot conveyed the land to her husband, who, from that time until his death, held the same in trust for her and her heirs; that she, in pursuance of and under said agreement, made lasting and valuable improvements on the land, and paid for them with her own separate money.

To these two paragraphs demurrers were sustained, and the appellants declined to answer further. A judgment was rendered, awarding to the appellee one-third of the land in fee simple, and from this judgment an appeal was taken to this court, which resulted in the reversal of the judgment, it being held that the court below erred in sustaining the demurrers, and the cause was remanded with instructions to the court to overrule them, and for further proceedings. See *Derry* v. *Derry*, 74 Ind. 560. In accordance with the instructions so given the demurrers were overruled, and thereupon a reply of general denial was filed. It appears by the record that after the cause was so remanded the appellee, by leave of the court, filed a supplemental complaint in which it was averred that after the rendition of the judgment so appealed from, and while said appeal was pending in this court, the administrator of the estate of Jeremiah Derry, upon proper application therefor, duly procured an order of the circuit court of Hancock county authorizing him, as such administrator, to sell a portion of the land in dispute to pay the debts of said estate, and that under and by virtue thereof he had sold and

·conveyed the same to Nancy E. Duddings, and that she had afterwards conveyed the same to Elbert O. Newhouse, who was then the owner thereof. To this supplemental complaint a demurrer was filed by the appellants which was overruled, and thereupon they filed an answer of general denial thereto. The issues, so formed on said original and supplemental com-·· plaints, were tried by a jury, who returned a verdict in favor of the appellee, upon which, over a·motion for a new trial, a judgment was rendered in her favor, by which one-third of the land in controversy was assigned to her. The errors assigned are the overruling of the demurrer to the supplemental ·complaint, and the overruling of the motion for a new trial.

No question is presented by the demurrer to the supplemental complaint. See *Morey* v. *Ball,* 90 Ind. 450, where it was held that " Such supplemental complaint does not super-·sede the original, but both stand and constitute the complaint. As such pleading only constitutes a part of the complaint, a ·demurrer to it is unknown to our practice." No specific objection to the supplemental complaint has been made in this ·court by the appellants, and as we are unable to discover any, no question thereon is presented for our consideration.

Of the many causes specified in the motion for a new trial, the only one urged in this court is that the court below erred in giving to the jury the following portion of its second in-·struction: " If, prior to July 24th, 1853, Malinda Derry owned real estate in Madison county, Indiana, and prior to ·said date she sold and converted the same into money, by and with the consent of her husband, and they, or either of them, purchased the lands in controversy with the said proceeds of her said lands, and he caused the deed therefor to be made to him, the title would vest in him, and the plaintiff would be ·entitled to recover the undivided one-third thereof; and the fact, if it exists, that the deed was so made to him without the consent of Malinda Derry, or that the husband purchased the lands with such proceeds of said lands, under an agree-

ment that he would take and hold the deed in trust for his wife Malinda, would be wholly immaterial."

Before considering the correctness of this instruction it is proper, if not necessary, to briefly state the facts in this case, as developed by the evidence. It appears therefrom that prior to July 24th, 1853, Malinda Derry owned twenty-six acres of land in Hendricks county, Indiana, and that subsequently her husband, by purchase, became the owner of twenty-four acres of land, all of which, fifty acres in all, was afterwards sold, in gross, by them for $300, and the proceeds derived therefrom were invested in the purchase of the land in controversy. The deed of conveyance for the land so purchased was executed to the husband alone, in which the consideration paid for the land was recited as $675. No evidence was introduced, or offered, proving, or tending to prove, that the consideration therefor was other or different from that expressed in the deed. In the absence of such opposing evidence, the presumption is that the amount of the purchase-money was correctly stated in the deed. The evidence introduced on the trial further proved, or tended to prove, that prior to the sale of the land in Hendricks county, Jeremiah and Malinda declared their intention to sell the same and invest the proceeds arising therefrom in the purchase of the land in controversy; and that after its purchase Jeremiah stated that the proceeds had been so invested. After the purchase of said land a house was erected thereon, for which the carpenter who erected the same received a heifer from Malinda in part payment therefor, and the balance of the sum to be paid for the house, amounting to about five dollars, was paid by her son at her instance; and that prior to the erection of the house the carpenter was informed by Jeremiah that he should see Malinda in relation to its construction, as it was her land, and that if she paid for the house it was all right, as he would not pay for it. The deed for the land was made on the 15th day of January, 1853.

The evidence tended, at least, to prove that the money re-

alized from the sale of the land owned by Malinda was regarded and treated by her husband as her separate property, and that he never asserted any claim to it by virtue of his marital rights. If he, as her husband, possessed any legal right to the money, it was within his power to reject it. *Brookville Nat'l Bank* v. *Kimble,* 76 Ind. 195. If the land was sold by her under an agreement with her husband, as claimed by the appellants, by the terms of which the proceeds arising therefrom were to be invested by him for her use and benefit in the purchase of the land in controversy, and it was accordingly sold, and the proceeds so invested, but the legal title to the land purchased was conveyed to him, a resulting trust therein in her favor would arise and be created. See *Miller* v. *Blackburn,* 14 Ind. 62; *Resor* v. *Resor,* 9 Ind. 347; *Barnett* v. *Goings,* 8 Blackf. 284 (44 Am. Dec. 766); *Totten* v. *McManus,* 5 Ind. 407; *Pritchard* v. *Wallace,* 36 Tenn. 407.

In *Miller* v. *Blackburn, supra,* it was said by PERKINS, J.: "By the common law, marriage does not vest in the husband either the title, or the right to acquire it, of her real estate. If he obtains this description of her property, it must be by her free gift, or by a contract with her. If he is driven to obtain it by contract, then he will be bound by the stipulations of the contract, because they will be supported by a valid consideration; and, hence, will be enforced by the courts. If it is a stipulation of the contract that he shall hold the real estate, or the proceeds of its sale, as a trustee for the wife; or shall invest them again for her use and benefit, execution of the stipulation will be compelled. Such were the cases of *Barnett* v. *Goings,* 8 Blackf. 284, and *Resor* v. *Resor,* 9 Ind. 347. The stipulations relate to her property, not his. But where the wife has money or choses in action, absolutely hers, at the time of the marriage, and which the husband can reduce to possession without the aid of chancery, a promise of his, upon so reducing them to possession, to hold them in trust for the wife, is without consideration, and can not be enforced. Such promises do not make it her property in his hands, and there-

fore no trust arises. They do not prevent it becoming his property."

In *Pritchard* v. *Wallace, supra,* it was said: " There can be no doubt, from the evidence, that before the complainant did consent to the sale of her land her husband agreed and distinctly promised her to invest the proceeds for her benefit, and that of her children after her, in this tract of land, and that the proceeds were so invested. The probability is strong, from the facts, that this was the only condition on which she would or did agree to the sale, and that this assurance induced her to sign the conveyance of her land. What, then, is there in the way of the enforcement of this trust? * * * The $1,100, then, received for her land, never became the money of the husband, but was the property of the wife as much as the land from which it was derived; and if he appropriated it, by agreement, to the purchase of land or other property, and took the title to himself, she could either make him her debtor for the amount, or assert a resulting trust in the property in which it was invested. In what does it differ from the ordinary case of a resulting trust, where the title to property is made to one person and the consideration paid at the time by another? The money was hers by virtue of his agreement and the title was made to him. She is in equity the owner, and he held the legal title in trust for her. His heirs occupy the same position." Assuming that such an agreement was made, as is asserted by the appellants, and which the evidence tended to prove, $\frac{26}{50}$ of the proceeds realized from the sale of the real estate, in Hendricks county, was the separate property of Malinda, as much so, and to the same extent as the land which it represented, and her husband was not entitled to receive or hold the same, by virtue of his marital rights, and if they were invested by him in the purchase of the land in dispute, he held in trust for her as much of the land so purchased as her money paid for. It is well settled by the authorities that if a husband purchases land with the separate estate of his wife in his hands, or with

the *proceeds* or accumulations from it, and takes the title in his own name, a trust results to the wife.    Perry Trusts, section 127 ; 1 Leading Cases in Equity (White & Tudor), pt. 1, p. 342; *Resor* v. *Resor, supra ; Miller* v. *Blackburn, supra; Barnett* v. *Goings, supra ; Totten* v. *McManus, supra ; Fausler* v. *Jones,* 7 Ind. 277 ; *McDonald* v. *McDonald,* 24 Ind. 68; *Davis* v. *Davis,* 43 Ind. 561 ; *Hampson* v. *Fall,* 64 Ind. 382; *Derry* v. *Derry, supra; Paulus* v. *Latta,* 93 Ind. 34 ; *Radcliff* v. *Radford,* 96 Ind. 482; *Miller* v. *Edwards,* 7 Bush, 394; *Pritchard* v. *Wallace, supra.*   Such a trust is not within the statute of frauds, and is not affected by it.   *Resor* v. *Resor, supra ; Miller* v. *Edwards, supra.*   And can not be defeated by the fact that it was orally declared and acknowledged by the parties.  *McDonald* v. *McDonald, supra.*   It is correctly stated by HANNA, J., in *Miller* v. *Blackburn, supra,* " That the purchase of land, and payment of the consideration money by one person, where the deed is taken in the name of another, will raise a trust in favor of the purchaser, is a doctrine too well settled to need more than a reference to it.   2 Story Eq., section 1201.    And, going a step further, it might be safely said that there are now so many authorities and adjudicated cases, establishing the doctrine that a trust results to the wife, where the husband buys land with her separate property or the savings of her separate estate, that it can scarcely be classed among questions open to controversy."

If, during the coverture of Jeremiah and Malinda, and prior to July 24th, 1853, he had received from his wife, or obtained in any manner from her, or any other person, money or other personal property belonging to her, to which he, as such husband, was entitled by virtue of his marital rights, and invested the same in the purchase of the land in controversy, he would not, under the law as it then existed, have held the land, or any part of it, in trust for her, although he may have agreed with her, before or after the receipt of the money or property, to invest the same in the purchase of the land, and hold the same in trust for her, as such an agreement would have

been without consideration, and, therefore, not enforceable. See *Westerfield* v. *Kimmer*, 82 Ind. 365 ; *Buchanan* v. *Lee*, 69 Ind. 117 ; *Ream* v. *Karnes*, 90 Ind. 167 ; *Waldron* v. *Sanders*, 85 Ind. 270 ; *Meredith* v. *Citizens Nat'l Bank*, 92 Ind. 343.

Evidently the court erred in its instruction, by failing to draw the proper distinction between an investment by the husband, in the purchase of real estate in his own name, of money of the wife, to which he was entitled by virtue of his marital rights, and money belonging to her, to which he was not so entitled. In view of the averments in the answer, and the evidence which tended to sustain them, we think that the instruction of the court was erroneous. We express no opinion as to the weight of the evidence.

It is contended by the appellee that a trust will not result in favor of a person, as in this case, who pays only a part of the consideration for the land, as against the grantee in an absolute deed, who pays the remainder of the consideration. The law is otherwise. See Perry Trusts, section 128, where it is said : " If, however, a trustee purchase an estate with trust funds, and add funds of his own to the purchase-money, a trust will result to the *cestui que trust* ; and the burden will be on the trustee to show the amount of his own funds in the purchase, otherwise the *cestui que trust* will take the whole." Also 1 Leading Cases in Equity (White & Tudor), pt. 1, 339, where it is said : " There is no doubt that payment of part of the purchase-money will create a resulting trust to the extent of that payment." And, also, *Pritchard* v. *Wallace, supra.*

As the instruction of the court was erroneous, the motion for a new trial should have been sustained, and for the error of the court in overruling it the judgment ought to be reversed.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, and the cause is remanded, with instructions to the court to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Nov. 22, 1884.