THE STATE on the relation of the BOARD OF COMMISSION-
ERS OF DAVIESS COUNTY v. CLARK and Others.

May Term, 1857.

THE STATE
v.
CLARK.

A case between the same parties, reported in 7 Ind. R. 468, affirmed. Tit.
Limit.

If a party demur to the whole of a complaint or answer, and there is one
good paragraph, the demurrer should be overruled.

But a demurrer may be general, if it assign specific causes.

Thus, where the answer contained several paragraphs, and the whole answer
was demurred to, the cause of demurrer to each paragraph being separately
assigned, the demurrer was held to be sufficient in respect of form.

APPEAL from the *Daviess* Circuit Court.

Thursday,
June 4.

GOOKINS, J.—On the 27th day of *February*, 1855, the
state, on the relation of the board of commissioners of
*Daviess* county, commenced a suit against *Clark, Brand,*
and *Waller*, as sureties of one *Cole*, on the official bond of
*Cole*, as surplus revenue agent for said county, dated in
1841.

Three breaches were assigned: 1. That the said *Cole*
had received certain moneys belonging to that fund, which
he failed to pay over to the school commissioner as re-
quired by law, and died. 2. That he received moneys of
said fund, which he converted to his own use. 3. That he
loaned moneys from said fund without taking the requisite
security therefor, whereby the same became lost.

The defendants, *Clark* and *Waller*, answered—1. That
the cause of action did not accrue within three years next
before the commencement of the suit. 2. By a special de-
nial of the facts stated in the second breach, and of a por-
tion of those stated in the first and second. 3. By a spe-
cial denial of the facts alleged in the third breach. 4. The
fourth is in the form of a general plea of performance.
5. The fifth denies all the allegations in the complaint.

No answer was put in for *Brand*, and, as to him, no dis-
position seems to have been made of the cause.

The plaintiff demurred to the answer in the following
form:

" The plaintiff demurs to the defendants' answer for the
following grounds of objection: 1. That the first para-

graph of the defendants' answer does not state facts sufficient to constitute a defense.  2. That the second paragraph of said answer does not state facts sufficient to constitute a defense, and that said answer attempts to state more than one ground of defense in the same paragraph. 3. That the third, fourth, and fifth paragraphs of the defendants' answer do not state facts sufficient to constitute a defense to the plaintiff's complaint."

The Court overruled the demurrer, and the plaintiff failing to answer over, there was judgment for the defendants, from which the plaintiff appeals.

The error assigned is the sustaining of the demurrer to the paragraph of the answer relying upon the statute of limitations.

In a similar case between the same parties, we have decided that the statute was not a good bar.   7 Ind. R. 468.

But the appellees insist that the demurrer is to the entire answer; and that if there was one good defense, it was rightly overruled.

The position contended for is undoubtedly correct, that if a party demurs to the whole of a declaration containing several counts, and there is one good count; or to several pleas, and there is one good plea, the demurrer should be overruled; and accordingly the decision of the Court was right upon this demurrer, so far as it was addressed to the second, third, fourth, and fifth paragraphs of the answer. *Lane* v. *The State*, 7 Ind. R. 426.

But we do not think the demurrer in this case should be regarded as coming within the rule.   The spirit of the code is, that parties shall be required to place upon the record the particular grounds upon which they rely, in raising issues whether of law or fact.   A complaint, therefore, may be general, provided a bill of particulars, or copy of an instrument declared on accompanies it.   *Ellis* v. *Miller*, at the present term (1).    That removes all uncertainty, and makes the allegations specific.    So a demurrer may be general, if it assign specific causes.

*Lane* v. *The State*, and the case before us may, perhaps, be distinguished in this: there, the plaintiff demurred jointly

to three paragraphs of an answer, assigning for cause, that they were insufficient in law to constitute a legal defense to the action: while here, the plaintiff demurs to the answer substantially in the same manner, but assigns the causes separately, thus—"the first paragraph does not state facts sufficient to constitute a defense," &c. This was certainly sufficient to enable the Circuit Court to pronounce a judgment separately upon the sufficiency of that defense. As to that, the demurrer should have been sustained.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded with instructions to the Circuit Court to sustain the demurrer to the first paragraph of the defendants' answer, and for further proceedings not inconsistent with this opinion.

*S. Judah*, for the state.

*D. M'Donald*, for the appellees.

(1) *Ante*, 210.

(2) Counsel for the state cited *Winston* v. *McCormick*, 1 Ind. R. 56.

(3) Counsel for the appellees cited, on the point touching demurrer, *Harrison* v. *M'Intosh*, 1 Johns. 380; *Sevey* v. *Blacklin*, 2 Mass. R. 541; *Cuyler* v. *Trustees*, 12 Wend. 165; and to the point that the filing of the declaration is not the commencement of the action, *Clark* v. *Redman*, 1 Blackf. 379; *Underwood* v. *Tatham*, 1 Ind. R. 276; 3 Johns. Cas. 145; 2 R. S. p. 35. To these may be added *The State* v. *Clark*, 7 Ind. R. 468.