Cunningham and Others *v.* McKindley.

---

CUNNINGHAM and Others *v.* McKINDLEY.

LIMITATIONS—TRUSTS.—Mere lapse of time constitutes no bar to a bill to-enforce a subsisting trust, and time begins to run against a trust only from the date of its open disavowal.

SAME.—Even unjustifiable delay and gross inattention on the part of some of the *cestui que trust* furnish no bar to relief against persons conversant with the trust.

LIMITATIONS—STATUTES CONSTRUED.—Section 220, 2 G. & H. p. 163, relates to causes of action originally arising upon promises or contracts, and not to continuing trusts, and especially those arising by operation of law.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—On the 28th of *April,* 1836, *John Cunningham* purchased a tract of land with the money, it is alleged, of *James McKindley,* and took the deed to himself. At that time, *James* was the step-son of said *Cunningham,* and was

twenty years of age. In 1859, *Cunningham* died, not having conveyed the land in question to *McKindley*. In 1860, *McKindley* instituted this suit against the heirs of *Cunningham* to obtain a conveyance of the land from them to him.

The defendants answered:

1. The general denial of the complaint.

2. The six years statute of limitations.

3. The twenty years statute of limitations.

4. The fifteen years statute of limitations.

5. Lapse of time, knowledge, &c., and consequent waiver or estoppel as to claim.

A demurrer was sustained to the 2d, 3d, and 4th paragraphs. To the 5th there was a reply in two paragraphs—

1. A denial.

2. And for a further reply to said paragraph, the plaintiff admits that said deceased, *John Cunningham*, did not make him a deed for the land in controversy, on his request, about the time he arrived at the age of twenty-one; but he charges that said *John* did not at that time, or at any other time, repudiate or deny that he held said lands in trust, as in said complaint alleged. Said plaintiff further says that the reason he did not bring suit against said *John* in his lifetime, to declare said trust, was that said *John* at all times promised and agreed to vest the title to said land in plaintiff, when he divided his land amongst his children,—that he implicitly relied on said promises until the last will and testament of said *John* was made and published, in which no provision is made for vesting the title to said land in plaintiff.

Issues of fact. Trial and judgment for plaintiff.

It is claimed by the defendant that the Court erred in sustaining a demurrer to the 4th paragraph of the answer; while, on the other hand, the plaintiff contends that no statute of limitations was applicable to the cause of action in this suit.

Cunningham and Others *v.* McKindley.

This suit was to enforce a trust; was upon an equitable cause of action, to which, prior to the code of 1852, no statute of limitations applied. And, it is claimed, on the authority of *The State* v. *Clark*, 9 Ind. 241, re-affirming the case of *The State* v. *Clark*, 7 Ind. 468, that, for that reason, a suit is not barred by that code, in the case at bar, till the whole time specified in it, as the limitation, viz: 15 years, has elapsed, reckoning from the coming into force of the code.

We shall not find it necessary to decide this question here. Though there was, prior to the code, no statute of limitations, yet equity following the law in this particular gave lapse of time the force of a statute. See 2 G. & H. 156, notes. The paragraph of the answer in this case, then, setting up lapse of time, was substantially, an answer of the statute of limitation; and the reply to it would have been a good reply to an answer of the statute; and the merits of the question were involved in, and tried upon the issue formed upon the 2d paragraph of the reply to the answer of lapse of time; for lapse of time and the statute of limitation would both have begun to run, as ultimately constituting bars to the action in this case, from the same act or circumstance, and the same moment of time. That act and time were the disavowal of the trust by the trustee; and they happened, according to the finding of the jury, within less than fifteen years prior to the institution of this suit.

In *Oliver et al.* v. *Piatt*, 3 How. (U. S.) Rep. p. 333, Judge *Story* says: "Another objection is to the lapse of time. The mere lapse of time constitutes of itself no bar to the enforcement of a subsisting trust; and time begins to run against a trust only from the time when it is openly disavowed by the trustee, who insists upon an adverse right and interest, which is fully and unequivocally made known to the *cestui que trust*. Now, until 1831, no final overt act was done by *Baum* in violation of his duty as trustee; and the first and great.

breach of that duty, on his part, was the surrender of the certificates of the trusts to *Oliver*, at different periods between 1828 and 1831. At what particular period the subsequent acts of *Baum, Oliver,* and *Williams* became first known to the plaintiff and the other proprietors of the *Piatt and Port Lawrence Companies* having the same interest, does not distinctly appear; but the facts could not have been fully known or understood until within a few years before the filing of the bill, and at most probably not exceeding eight or ten. That period, upon admitted principles, is far too short to interpose any positive bar to relief in equity. There may have been an unjustifiable delay, and gross inattention on the part of some of the proprietors. But as against persons perfectly connusant of the trust, it can furnish no ground for any denial of the relief which the case otherwise requires."

The code enacts, (2 G. & H. § 220, p. 163,) that "no acknowledgment or promise shall be evidence of a new or continuing contract whereby to take the case out of the operation of the provisions of this article, unless the same be contained in some writing, signed by the party to be charged thereby."

This section, it will be perceived, relates only to causes of action originally arising upon promises or contracts, and does not, as we think, relate to continuing trusts, especially those arising by operation of law. A new promise in writing takes a former promise or contract, by parol, out of the statutes of limitations; but a parol acknowledgment of the continuance of a trust may prevent the *running* of the statute against it. Till the refusal to execute a trust, a cause of action on it has not accrued. It is like those cases where a cause of action does not arise, nor the statute begin to run until after demand, or discovery of fraud, &c. See 2 G. & H. p. 157, notes. We are satisfied, in this case, with the instructions to the jury, the finding of the jury, the judgment of the

Court, and that justice has been thereby meted out to the parties.

*Per Curiam.*—The judgment is affirmed, with costs.

*Huff & Jones,* and *George Gardner,* for the appellants.

*Daniel Mace,* for the appellee.