Albert, Cashier. etc., *et al. v.* The State, *ex rel.* Atkinson, Adm'r, *et al.*

---

ALBERT, CASHIER OF THE BANK OF PAOLI, ET AL. *v.* THE STATE, EX REL. ATKINSON, ADM'R, ET AL.

INFORMATION.—*Quo Warranto.—Banking Association.—Receiver.*—Under sections 749 and 750 of the code, 2 R. S. 1876, pp. 298 and 299, an information in the nature of a *quo warranto* may be filed in the circuit court, in the name of the State, on the relation of a stockholder, against an alleged illegally organized banking association of this State, and its president, cashier and other stockholders, to compel the winding up and settlement of its affairs, the distribution of its assets, and the appointment of a receiver for that purpose.

SAME.—*Unlawful Organization.—Demand.*—Where such information avers, that, for want of a compliance with the requirements of the statute, the association had never been lawfully incorporated, and that the relator had

been induced to purchase stock in such association by the representations of its officers and other stockholders, and without knowledge of such illegality, it is not necessary to aver a demand upon the defendants by the relator.

SAME.—*Trusts.—Statute of Limitations.*—Where, by the facts alleged in the information, a trust appears to exist in favor of the stockholders, against the officers of the association, who are made defendants, and, in their answer of the statute of limitations, the facts constituting such trust are not denied, such answer is insufficient.

From the Orange Circuit Court.

*J. Baker*, for appellants.

*F. Wilson* and *M. F. Dunn*, for appellees.

Howk, J.—This was a suit by the relators of the appellee, against the appellants, the Bank of Paoli and Henry Comingore, president, and John C. Albert, cashier, of said bank. The complaint of the appellee's relators was, in form, an information in the nature of a *quo warranto;* and the special relief prayed for therein was, that the affairs of the pretended Bank of Paoli might be wound up, and a distribution made among the stockholders of its assets, ·if any remain after the payment of its debts, and for these purposes they asked for the appointment of a receiver, etc.

The appellants Albert, cashier, and Comingore, president, separately demurred to the appellee's complaint or information, upon the ground that it did not state facts sufficient to constitute a cause of action ; which demurrers were severally overruled by the court, and to these decisions the said appellants severally excepted. A joint answer, in six paragraphs, was then filed by all the appellants; to each of which paragraphs, except the first, the appellee's relators demurred for the want of sufficient facts therein to constitute a defence to their action. This demurrer was sustained by the court to each of said paragraphs of answer; and to these decisions the appellants excepted. The first paragraph of their answer was then withdrawn by the appellants ; and, they refusing to answer further, the court

found for the appellee's relators, that the material allegations of their complaint were true, and that they were entitled to the relief therein demanded. The court then rendered a judgment and decree, in accordance with its finding, and appointed a receiver to take charge of, and wind up, the affairs of said Bank of Paoli; which said receiver accepted of said trust, and gave bond and qualified according to law and to the approval of the court, and was ordered to report his proceedings to the court at each term thereof.

In this court, the appellants have assigned, as errors, the following decisions of the circuit court:

1. In overruling their demurrers to the information or complaint;

2. In overruling their motion to strike out part of the complaint; and,

3. In sustaining the demurrer of the appellee's relators to the second, third, fourth, fifth and sixth paragraphs of the appellants' answer.

1. In their information or complaint the appellee's relators alleged, in substance, that the relator Nathan Farlow was the owner in his own right of five shares, of one hundred dollars each, and that the relator John Atkinson, as the administrator of Jonathan Farlow, deceased, was also the owner of five shares, of one hundred dollars each, of the capital stock of the appellant, the Bank of Paoli; that the institution known as the Bank of Paoli was organized and located at Paoli, Orange county, Indiana, about the year 1854, with a capital stock of fifty thousand dollars, of which capital stock each of the relators afterward became and then were the owners of shares as aforesaid; that, at the time of the organization of said bank, it was claimed and pretended, by those who took the capital stock therein, and by their successors in the ownership of said stock, that said bank was a legally

organized banking association, under and pursuant to the act of the General Assembly of this State, approved.May 28th, 1852, entitled " An act to authorize and regulate the business of general banking ; " that, after its organization, the said banking association purchased real estate and fitted up banking rooms, deposited bonds and procured circulation to be delivered to it, and then issued the same as bank-notes, in accordance with the provisions of said act ; that it also received deposits, and discounted notes and bills, and loaned money, as a bank ; that when the appellee's relators became the owners of said shares, and for a long time afterward, they believed that said Bank of Paoli was a legally organized banking association, under said act ; that, relying upon the claim and pretence that said bank was legally organized, they made no examination of the records of said bank, nor of the office of Secretary of State, nor of the office of the clerk of the Orange Circuit Court, to see whether or not said bank was legally organized, but relied wholly upon the representations made to them by the other stockholders and officers of said bank, that it was a legally organized banking association, under said act ; that said bank never was legally organized or incorporated according to said act, in this : That said association never had made or signed any articles of association, such as the said act required, or any other articles, and that no copy of the same, such as said act required, nor any certificate, such as was required by the 18th section of said act, was ever filed in the office of the Secretary of State, nor in the office of the clerk of the Orange Circuit Court; that, during all the time since the pretended organization of said bank, the stockholders and officers thereof assumed and pretended to be a lawfully organized bank, and acted as such, without having the right so to do ; and that the appellee's relators brought this action at the first term of the court, after they had discov-

ered the fact of such illegality concerning such alleged bank. And the appellee's relators said, that by the sale of such capital stock to them and to others, and from other sources, the said pretended bank became the owner of real estate of the probable value of $3,000.00, and of bonds, notes, bills and money, and personal property, of the aggregate value of $60,000.00; that about 1864 the officers and stockholders of said pretended bank determined to wind up its affairs; that thereupon the real estate and bonds owned by said bank were sold, and its circulation was called in and redeemed, and its personal property was also sold; and that for the last ten years the said pretended bank had not transacted any banking business; that the appellant John C. Albert, who was then the owner by transfer of all the capital stock of said bank, except the stock owned by the appellee's relators, received the moneys derived from the sale of said real estate, personal property and bonds, as cashier of said pretended banking association; that the appellee's relators were ignorant of the amount so received by the said Albert, and of his disposition thereof; that all the books, papers and records of said pretended bank were in the possession of the appellant John C. Albert; and that no payments had been made to the appellee's relators, on account of their said stock, and no settlement of the affairs of said bank, between the stockholders thereof, had ever been made. Wherefore, etc.

In section 749 of the practice act, it is provided, that "An information may be filed against any person or corporation in the following cases: *    *    *    *    *

" *Third.* Where any association or number of persons shall act within this State as a corporation, without being legally incorporated." 2 R. S. 1876, p. 298.

It is very evident that the appellee's relators intended to state a case, in their information or complaint in this action, within the purview and meaning of this third clause

of said section. In the last clause of section 750 of the same act, it is provided that such an information may be filed by any person, on his own relation, "Whenever he claims an interest in the  *  *  *  corporation, which is the subject of the information." 2 R. S. 1876, p. 299.

It is insisted by the appellants' counsel, that the information in this case was defective, on the demurrer thereto for the want of sufficient facts, in this, that it did not show that there was any money or property of the bank left to be divided or distributed among the stockholders. We do not think that this is a valid objection to the sufficiency of the information. The appellee's relators were not officers of the Bank of Paoli. They showed by proper averments, that the bank had been the owner of property, real and personal, worth more than sixty thousand dollars; that this property had been sold, and the proceeds of such sale had gone into the hands of the appellant Albert as cashier of said bank; and that they, the relators, were ignorant of the amount so received by said Albert, and of his disposition thereof. Long before the commencement of this suit, it was alleged, the officers and stockholders of said bank had determined that its affairs should be wound up; and this business had been left, where it properly belonged, in the hands of the appellants, as officers of the bank. Thirteen years had passed, and the appellants had made no settlement of the business of the bank, entrusted to them. Wearied with waiting, the appellee's relators began an investigation, which led to the discovery that the pretended bank had never been legally incorporated. Thereupon they brought this suit, and they have, in their information, stated a case which is expressly authorized by the letter and meaning of the clause of the statute above quoted, and entitles them, if true, to the relief prayed for.

Another objection, urged by the appellants' counsel to

the information, is, that it contained no averment of any demand by the appellee's relators upon the appellants, before the commencement of this suit. It seems to us that no such demand was necessary. Indeed, we can not conceive of any proper demand to be made, in such a case. The theory of this case is, that the appellants were or had been acting as a corporation within this State, without having been legally incorporated; and that the appellee's relators had unwittingly become shareholders or stockholders in such illegal and pretended corporation. Surely, it was not necessary that the appellee's relators, before commencing this suit, should demand of the appellants that they should cease to act as such illegal corporation; and we know of no other demand, which would have been appropriate to the case made by the averments of the information. These are the only objections pointed out by the appellants' counsel, in argument, to the information in the case at bar, and, in our opinion, neither of these objections is well taken. The court did not err in overruling the appellants' demurrers to the information or complaint of the appellees' relators.

The appellants' motion to strike out part of the information, and the ruling of the court on this motion, were not made parts of the record by a proper bill of exceptions. Therefore, the second alleged error, complained of by the appellants, was not properly saved in the record, and presents no question for our decision. This rule of practice is well settled in this court. *Scotten v. Divilbiss*, 60 Ind. 37; *The School Town of Princeton v. Gebhart*, 61 Ind. 187.

The third error assigned by the appellants is the decision of the circuit court in sustaining the demurrers of the appellee's relators to the second, third, fourth, fifth and sixth paragraphs of the appellants' answer. Each of these paragraphs of answer was an affirmative plea of the statute of limitations, and nothing more. They differed each

from the others only in this, that a different period of time was stated in each paragraph, within which, it was alleged, that the relators' cause of action did not accrue. Thus, in the second paragraph, the period named was six years; in the third it was seven years and six months, in the fourth it was twenty years, in the fifth it was fifteen years, and in the sixth paragraph it was sixteen years and six months.

It is very clear, that the relators' demurrer to the second, third and fourth paragraphs of the answer was correctly sustained; for the limitation mentioned in each of said paragraphs had not, and could not have, any applicability to the relators' cause of action, stated in the information. The fifth and sixth paragraphs of the appellants' answer set up the limitation of fifteen years, provided in section 212 of the practice act, that " All actions not limited by any other statute shall be brought within fifteen years." 2 R. S. 1876, p. 124.

This is the only limitation, as it seems to us, which could by any possibility be made applicable to the cause of action stated by the appellee's relators, in their information in this case.   It will be observed, that the limitation of fifteen years is apparently relied upon, in both the fifth and sixth paragraphs of the answer ; the apparent difference between the two paragraphs being, that, in the sixth paragraph, eighteen months were probably added to the fifteen years, because of the fact that one of the relators was an administrator, under the provisions of section 217 of the practice act.   2 R. S. 1876, p. 127.

In considering the sufficiency of these paragraphs of answer, it must be borne in mind that the officer and the stockholder of a bank bear to each other the relation of a trustee to a *cestui que trust;* and that relation once existing will continue until it is dissolved in some legal mode, or until " it is openly disavowed by the trustee, who in-

sists upon an adverse right and interest, which is fully and unequivocally made known to the *cestui que trust*." *Oliver* v. *Piatt*, 3 How. (U. S.) 333; *Cunningham* v. *McKindley*, 22 Ind. 149.

We need hardly say, for it is self-evident, that, while the relation of trustee and *cestui que trust* might continue to exist between the appellants and the appellee's relators, the statute of limitations would never begin to run against, and would never constitute a bar to, the relators' cause of action. Therefore it seems to us, that each of the fifth and sixth paragraphs of the appellants' answer was insufficient, on the demurrer thereto for the want of facts, in this, that the appellants did not, in either of the said paragraphs, controvert any of the matters alleged in the relators' information, nor did they state therein affirmatively, that they had in any manner, or at any time, ceased to be officers of the bank wherein the relators were stockholders. Each of these paragraphs of answer virtually admitted that the facts alleged in the information were true; and, if the allegations of the information were true, then the mere lapse of time, however long continued, did not and could not afford the appellants any defence to the relators' cause of action, for the statute of limitations would not run against such cause of action, under the facts and circumstances stated in the information.

We are clearly of the opinion, that the court did not err in sustaining the relators' demurrer to the several paragraphs of the appellants' answer. *Nicholson* v. *Caress*, 59 Ind. 39; and *Caress* v. *Foster*, 62 Ind. 145.

The judgment is affirmed, at the appellants' costs.