## EARLE v. PETERSON ET AL.

REAL ESTATE, ACTION TO QUIET TITLE.—*Partition.*—*Complaint.*—A complaint demanding partition of a certain tract of land alleged the respective interests therein of the plaintiff and defendant, but, averring that the latter claimed title to the whole, demanded that the plaintiff's title be quieted.

*Held*, that the action was really one to quiet title, and that a new trial, as of right, could be demanded by the losing party.

SAME.—*New Trial, of Right, granted without Objection.—Irregularity.— Waiver.*—Where a new trial, as of right, is granted without exception or objection, though irregularly, no question can be raised in relation to the regularity thereof, by an objection and exception to a second order of the court granting a new trial without vacating the previous order therefor.

SAME.—*Title-Bond.— Copy.—Pleading.*—Where a title-bond, which is the basis of an alleged title to real estate, has been made part of the original pleading setting up such title, an amended and supplemental pleading, which refers to the original pleading and to the title-bond therein set out, is not bad on demurrer merely because it does not set out the title-bond or a copy thereof.

SAME.—*Demurrer.— Uncertainty.*—Where, from the chain of title set up in a pleading, an equitable title in the party pleading the same may be inferred, the absence of an affirmative allegation of title in such party does not render the pleading bad on demurrer, but renders it subject to a motion to make certain.

SAME.—*Purchase with Notice of Prior Title.*—A vendee of real estate can not hold the same, as against the holder of a prior equitable title, of which such vendee had notice prior to the completion of his purchase.

SAME.—*Constructive Fraud.—Conveyance during Adverse Possession.— Heirs.*—One who purchases land from the heirs of the deceased maker of a title-bond for such land, with knowledge that the obligee of such bond, or an assignee thereof, is in possession and claiming title thereunder, thereby commits a constructive fraud against the latter, and can not recover possession from him. But allegations of fraud in such case need not be alleged, because the conveyance is void as against such adverse holder.

SAME.—*Statute of Limitations.*—The statute of limitations, pleaded against such adverse holder by such purchaser, is insufficient. WORDEN, J., dissenting.

SUPREME COURT.—*Instructions.—New Trial.*—No question can be presented to the Supreme Court, as to the sufficiency of instructions given to the jury, where the instructions complained of are not identified in a motion for a new trial.

From the Porter Circuit Court.

*J. Bradley* and *J. H. Bradley*, for appellant.

*A. L. Osborn, T. J. Merrifield* and *J. B. Niles*, for appellees.

NIBLACK, J.—The appellant, John G. Earle, commenced this suit in 1872, in the Lake Circuit Court, alleging that

he was the owner of one undivided half of section 19, township 36 north, range 7 west, in Lake county, and that the appellees, Andrew Peterson and Ingle Radstrom, were the owners of the other half, but that, by some title unknown to the appellant, they claimed to own the whole section, and praying that the title to one-half of said section might be quieted in him, and for partition.

Alfred Morrison was afterward, upon his own application, made a party defendant.

One trial of the cause was had in the Lake Circuit Court, at its April term, 1874, resulting in a judgment for the appellant. At the February term, 1875, of the said Lake Circuit Court, the appellees filed their petition to vacate that judgment and for a new trial, as a matter of right, upon the payment of costs, and the court vacated the judgment and granted a new trial, to which no objection was made at the time, or at any other time afterward during the progress of the cause.

Afterward, at the April term, 1875, of the same court, for some reason not disclosed in the record, the appellees filed what was called a supplemental petition for the vacation of the same judgment, and for a new trial, as a matter of right, and the court again entered an order vacating the judgment and granting a new trial, to all of which the appellant at the time objected and excepted.

After the granting of this second order for a new trial, the venue of the cause was changed to the Porter Circuit Court, where there was another trial, and a verdict for the defendants.

A motion for a new trial being overruled, final judgment was rendered in favor of the defendants, the appellees here, and quieting the title in the land sued for in Morrison.

In 1872, after being admitted a defendant, Morrison filed a counter-claim in the form of a cross complaint, setting

forth a copy of a title-bond from one John B. Ducharme, dated the 25th day of March, 1835, with various assignments upon it, through which he and one Abram P. Andrew, Jr., claimed an equitable title to the same undivided one-half of said section, to which the appellant set up title in his complaint.

Morrison afterward filed what he called his amended and supplemental cross complaint, alleging that the said Abram P. Andrew, Jr., by a deed of general warranty, bearing date the 29th day of May, 1871, conveyed the land in suit to him, said Morrison, and that he, said Morrison, took, and has since held, possession of said land, under said deed, a copy of which was filed as " Exhibit B ;" that the said title-bond, which is set forth in his original cross complaint, was executed and delivered by the said John B. Ducharme, on the day of its date, to Jacob Beeson, the obligee therein ; that on the 5th day of May, 1835, the said Beeson assigned and delivered said bond to certain persons doing business under the name of Hendricks & Rush ; that on the 5th day of August, 1836, the said Hendricks & Rush assigned and delivered said bond to one Hiram Todd ; that on the 1st day of October, 1836, the said Todd assigned one-half of his interest in said bond to the said Abram P. Andrew, Jr., and delivered said bond to the said Andrew ; that said Andrew took immediate control of said land, under said bond, in his own behalf, and as agent for said Todd, and continued to control said land until he sold it to him, said Morrison ; that on the 1st day of January, 1855, the said land having become delinquent for non-payment of taxes, the said · Earle became the purchaser thereof at a sale for taxes, and received from the auditor of the county a proper certificate of his purchase ; that said Andrew, in order to protect his title to said land, was compelled to purchase and did, on the 7th day of January, 1856, purchase said certificate from the said

Earle; that the said Earle thereupon assigned said certificate to the said Andrew, who has ever since been the holder and owner of such certificate; that on the 20th day of January, 1860, the said land having again become delinquent for the non-payment of taxes, the said Earle again became the purchaser thereof at a sale for taxes, and received a certificate of his purchase, in due form of law; that the said Abram P. Andrew, Jr., as the owner, and as the agent for said Todd, the time for its redemption having in the mean time expired, was obliged to purchase in the title of said Earle to said land under such tax sale, and did purchase in such title, paying therefor the sum of fifty dollars, and receiving thereupon an assignment of such certificate of purchase, upon which he, said Andrew, afterward received a tax deed from the proper county auditor, of which the said Earle had notice; that after the assignment by the said Todd to the said Andrew of one-half of his interest in said title-bond, as above stated, the said Todd departed this life intestate, leaving Lydia Todd as his widow, and Francis T. Brown, H. Church Todd, Lucy B. Todd, Walter W. Todd and Lena G. Todd, as his only children, and heirs at law, and afterward, on the 19th day of July, 1871, the said widow and children of the said Todd conveyed to the said Andrew, by deed of general warranty and full covenants, the interest in said land which descended to them from the said Todd, estimated as one undivided fourth of the entire section; that, immediately after the execution by him of the title-bond above referred to, the said Ducharme removed to some distant and unknown point in the Indian Territory, west of the Mississippi River; that, from that time forward, he never returned to or was in the State of Indiana, and that he soon thereafter died, it being wholly unknown to the said Hiram Todd and the said Andrew, who his heirs at law

were, or whether he left any such heirs; that, during the month of January, 1876, it having become known to the said Andrew, that Zoe E. Wilson and Elizabeth Mary Welsh, intermarried with one Joseph Welsh, claimed to be and were represented by the said Earle to be, the heirs, and only heirs at law, of the said John B. Ducharme, deceased, and the said Zoe E. Wilson and Elizabeth Mary Welsh, fully recognizing the validity and binding nature of said title-bond, and, in compliance with its conditions, together with the said Joseph Welsh, executed and delivered to the said Andrew a good and sufficient quitclaim deed to said undivided one-half of said section of land— the said Elizabeth M. Welsh executing said deed by the name of Mary E. Welsh, by which name she was also known ; that said Earle, well knowing the claim of title held and made by said Andrew, as above set forth, and after having assumed to act as the agent of the said Andrew in regard to said land, caused and procured one Alexis T. Coquillard to proceed to the State of Kansas and to procure for his, said Earle's, own use and benefit, a deed of conveyance for said land from the said Zoe E. Wilson, Elizabeth Mary Welsh and Joseph Welsh, bearing date the 11th day of February, 1870, under which deed only he, the said Earle, now claims title to said land, or any part thereof; that the said Zoe E. Wilson and others, the grantors in said last named deed, had never been in the State of Indiana, were wholly unacquainted with said land, and were at the time wholly ignorant of the fact that said land was the same land referred to and included in said title bond ; that said agent of said Earle falsely and fraudulently represented to the said Zoe E. Wilson and Elizabeth M. Welsh, that he, said agent, really owned the land, that it was but a small tract, that he did not know that they had any title to said land, inducing them in fact to believe that they had no title, and that said land was of very little value, thereby causing the

execution of said deed to him, said agent, for the nominal sum of fifty dollars, when he, said agent, and the said Earle well knew that, at that time, said land was of the value of two thousand dollars and upwards; that, immediately after the execution of said deed, the said Coquillard, as such agent and for no other consideration, executed and delivered to said Earle a quitclaim deed for said land, under which he, the said Earle, claims to own the same; that all said proceedings of the said Earle were craftily and subtly designed and intended to cheat and defraud the said Andrew; that he, said Morrison, had taken possession of said land, under his deed from Andrew, before the commencement of this suit; that, by virtue of the covenants of warranty contained in his, said Morrison's, deed from Andrew, the title so acquired by said Andrew from the heirs of Ducharme, in pursuance of the conditions of said title-bond, has inured to him, said Morrison. Wherefore the said Morrison prayed that his title might be quieted, and for all other proper relief.

The appellant demurred to this amended and supplemental cross complaint, but his demurrer was overruled.

He then answered said cross complaint:

1. In general denial;

2. That the cause of action did not accrue within fifteen years before the filing of such cross complaint;

3. That the cause of action did not accrue within twenty years before the filing of the cross complaint; and,

4. In a lengthy paragraph setting up various matters, by way of special denial and otherwise, upon which no question is made here, and which need not, therefore, be more particularly referred to.

Morrison demurred severally to the second and third paragraphs of the answer to his cross complaint, and the court sustained his demurrer to both paragraphs.

Errors are assigned:

1. Upon the granting of a new trial to the appellees, as a matter of right, by the Lake Circuit Court, at its April term, 1875 ;

2. Upon the overruling of the demurrer to Morrison's amended and supplemental cross complaint;

3. Upon the several rulings of the court sustaining Morrison's demurrers to the second and third paragraphs of the answer to his said cross complaint; and,

4. Upon the overruling of the appellant's motion for a new trial.

Errors are also assigned upon other proceedings below, but they amount only to objections which might have been presented as causes for a new trial.

The original complaint in this case raised the question of title, as preliminary to the partition demanded by it, and asked that the appellant's claims of title might be quieted. We think, therefore, that this was an action to quiet title, whatever further result may have been contemplated by it, and that there was no error in granting the appellees a new trial as a matter of right.

At all events a new trial had been granted to the appellees at the February term, 1875, of the Lake Circuit Court, without objection at the time or afterward, and we are unable to see that any real question was raised for decision in this court by an exception to the subsequent granting of a new trial at the succeeding April term of that court, while the first order granting such new trial was permitted to remain in full force.

It is insisted that Morrison's amended and supplemental cross complaint was bad upon demurrer, because neither the title-bond referred to in it, nor a copy of such bond, was filed with such cross complaint.

A copy of this bond was, however, filed with the original cross complaint, and was referred to as having been so filed in the amended and supplemental cross complaint.

That was quite sufficient, conceding that it was necessary to file a copy of such bond with this latter cross complaint, a question we have not considered, and concerning which we need and do not decide any thing at the present hearing.

It is also objected to this amended and supplemental cross complaint, that it did not aver, in direct terms, that Morrison was, in any manner, the owner of the land in dispute, and that many of the matters recited in it were stated in such an inferential way as not to amount to distinct averments of material facts.

We are inclined to the belief that the court might have required some of the allegations of this cross complaint to have been made more certain and specific, and might have struck out some of its other allegations, as irrelevant and immaterial, but, taking all the facts stated in this cross complaint together, we are of the opinion that they amounted to an averment that Morrison had an equitable title to the land in controversy, under which he was in possession when this suit was commenced, and that the appellant had purchased the land of Ducharme's heirs, with full notice of such equitable title.

With this impression as to the legal import of the facts contained in this cross complaint, we are brought to the conclusion that the court did not err in overruling the demurrer to it, as complained of by the appellant.

A vendee of real estate can not hold the land against a prior equitable title, if he had notice of such prior equity before the completion of his purchase. 1 Story Eq., secs. 395, 396 ; *Glidewell* v. *Spaugh*, 26 Ind. 319 ; *Walker* v. *Cox*, 25 Ind. 271 ; *Hunter* v. *Bales*, 24 Ind. 299 ; *Gallion* v. *Mc-Caslin*, 1 Blackf. 91.

If the appellant had notice of Andrew's prior equity, as charged, when he purchased the land of Ducharme's heirs, through Coquillard, he perpetrated what is known as a

constructive fraud upon Andrew, and the means he may have used to obtain a conveyance from Ducharme's heirs were, as to Andrew and his assigns, wholly irrelevant and immaterial. All that part of the supplemental cross complaint, therefore, which charged the appellant with using fraudulent representations to Ducharme's heirs to obtain their conveyance, might have been struck out as irrelevant and immaterial to any issue properly tendered by such cross complaint. *Steeple* v. *Downing*, 60 Ind. 478.

As has been said, the matters set out by Morrison in his supplemental cross complaint amounted to allegations, that he was the equitable owner of the land in suit, and in possession when this action was commenced, and that the appellant had notice of his, said Morrison's, equitable title, of which Andrew was then the holder, at the time he, the appellant, purchased of Ducharme's heirs. These allegations amounted to an averment that the appellant had become the trustee of Morrison, and was bound by whatever obligations Ducharme's heirs were under by reason of the title-bond of their ancestor. It was, consequently, an insufficient answer to Morrison's cross complaint, to set up the statute of limitations merely, unaccompanied by any averment showing that the trust alleged to have been created had terminated. *Albert* v. *The State, ex rel.*, 65 Ind. 413.

For these reasons, therefore, if for no other, the court very properly held the second and third paragraphs of the appellant's answer to the cross complaint bad upon demurrer.

There was evidence tending to sustain all the material allegations of Morrison's supplemental cross complaint. There is, in consequence, no ground upon which we can disturb the verdict upon the evidence.

Some questions are made here upon certain instructions asked to be given by the appellant and refused by the

court. But those instructions are not set out nor in any way identified by any of the causes assigned for a new trial. Under such circumstances, no questions are raised in this court upon such instructions. Buskirk Prac. 244; *Grant* v. *Westfall,* 57 Ind. 121; *Reeves* v. *Plough,* 41 Ind. 204.

We are unable to see any sufficient reason for a reversal of the judgment.

The judgment is affirmed, at the appellant's costs.

NOTE.—WORDEN, J., does not agree that the demurrer to the second paragraph of the appellant's answer to Morrison's cross complaint was properly sustained.

Petition for a rehearing overruled.