## EDWARD C. SUMNER V. WILLIAM GOINGS.

*Correction of Transcript on Appeal.*—A transcript in the Supreme Court, if defective, can only be corrected by *certiorari*.

Filed June 23, 1881.

Appeal from Jasper Circuit Court.

Opinion of the court by Mr Justice Woods.

The appellee sued the appellant on a complaint in one paragraph, to which a second paragraph was afterwards added. The appellant's demurrer was sustained to the first paragraph and overruled as to the second, to which he filed an answer in twelve paragraphs, to the 10th, 11th and 12th of which the demurrer of the appellee was sustained. To so many of these rulings as were adverse to him, and to the giving and refusing of certain instructions, the appellant saved exceptions and has assigned errors which bring them under review. The second paragraph of the complaint is not in the record. The appellant after filing his transcript, presented what he claimed to be a certified copy of the omitted paragraph, and moved to have it treated as a part of the record, but the motion was overruled on May 7, 1879, on the ground that the transcript can be corrected only by a *certiorari*; and no step has been since taken for the purpose of supplying the omission.

In this condition of the record it is impossible for us to know what kind of a case was tried, whether the complaint was good or bad, nor whether the instructions given and refused were relevant and proper, or the contrary. It must be equally clear that we cannot determine the sufficiency of answer, without knowing the contents of the complaint to which it was addressed. These particular answers set up the six and twenty year statutes of limitation, but there may be causes of action so presented as that no limitation will apply, as for instance in certain cases for the inforcement of trusts. See *Heizer* v. *Kelly* (this term); *Albert, Cashier* v. *The State, ex rel. etc.*, 65 Ind. 413; *Earle* v. *Peterson*, 67 Ind. 503; see also *Potter* v. *Smith*, 36 Ind. 231.

Judgment affirmed with costs.

Test & Coburn for appellant.

Straight & Wiley for appellee.