NOBLE v. MORRIS and Others.

HUSBAND AND WIFE.—RESULTING TRUST.—A conveyance having been made in 1835, to husband and wife, the husband, in 1850, executed a deed which, after reciting that the land had been purchased with the money of the wife, purported to convey and limit the descent of the land, on the death of him and his wife, to A, B and C, the children of the wife, to the exclusion of his children by a former marriage. Afterward, the husband and wife joined in conveying separate parcels of the land to A, B and C. *Held*, that the husband held the land only as a trustee for the wife. *Held*, also, that the several conveyances to A, B and C were valid.

APPEAL from the *Marion* Circuit Court.

GREGORY, J.—This was an action for quieting title, brought by the appellees against the appellant, under the statute. 2 G. & H., § 611, p. 284. The complaint seeks to set aside and declare void a paper purporting to have been executed by *B. F. Morris*, on the 29th of *May*, 1850, in his life time, to *Noble* and others, under which *Noble* claimed an interest in the lands of the plaintiffs' below. *Noble* answered, setting up a right under the paper sought to be set aside. The appellees demurred to the answer, and the court sustained the demurrer, and rendered judgment accordingly.

*B. F. Morris* and his wife held jointly the title to the land, by a deed made to them by *Saunders*. The entire purchase money was paid by the wife. *B. F. Morris* had a set of children by a former marriage, and his wife had one child by a former marriage, who is the appellant, *Noble*; and *Morris* and his wife had two children by the last marriage, *Samuel V.*, one of the appellees, and *Clarissa*, late the wife of *Frederick Yeiser*, one of the appellees, and the mother of the minor appellees of that name, *B. F. Morris* seems to have claimed no interest in the land except as husband of the purchaser, *Margaret Morris*; but as the title was in him and his wife jointly, he executed a paper to the children of *Mrs. Morris*, *Noble*, and *Samuel V.* and

*Clarissa Morris*, which, in the event of his decease, was to be placed on record for the purpose of limiting the descent of the one-half, the title to which was vested in him. This paper recites, first, the names of the parties, grantor and grantees; secondly, that *John H. Saunders*, on the 12th of *December*, 1835, conveyed to *B. F. Morris* and *M. E. Morris*, his wife, and their heirs, certain lands, describing them. It then proceeds as follows:

"Now this indenture witnesseth, that the said *Bethuel F. Morris*, in consideration that the said tract of land was purchased with money belonging to the said *Margaret E. Morris*, doth convey and limit the descent of said land, with its appurtenances, on the demise of said *B. F.* and *M. E. Morris*, to the said *W. H. L. Noble, Samuel V. Morris* and *Clarissa Morris*, hereby confirming unto them the sole heirship in and to the said premises, to the exclusion of all others.

"In witness whereof, the said *Bethuel F. Morris* hath hereunto set his hand and affixed his seal, on the day and year first above written.     B. F. MORRIS. [SEAL.]"

The instrument was duly acknowledged the same day before a justice of the peace.

On the 16th of *June*, 1857, *B. F. Morris* and wife conveyed to the appellant, by deed in fee, in severalty, a part of the real estate in controversy, and, on the 15th of *December*, conveyed in like manner to *Samuel V. Morris* and *Clarissa M. Yeiser* the residue of the lands in dispute.

The proper construction to be given to the writing of the 29th of *May*, 1850, presents the question for the consideration of this court. We think, under the facts recited in this instrument, that *B. F. Morris* held the land in trust for his wife. We are aware of the rule recognized in the case of *Miller et al.* v. *Blackburn*, 14 Ind. 62, but it is well settled that the vesting of the separate property of the wife in real estate, in the name of the husband,

creates a resulting trust in favor of the former.   It is true, the recital that the "land was purchased with money belonging to the said *Margaret E. Morris*," is not, in terms, a declaration that the money was the separate property of the wife; but the statement must be taken most strongly against the person making it, and it must be remembered that it is the consideration clause.   If the money was not the separate property of the wife, then the possession of it by the wife, after marriage, was the possession of the husband, and nothing remained for him to do to make it his own; and, on this hypothesis, in no legal sense could it have been said, in the language of ·the writing, that the "land was purchased with money belonging to the said *Margaret Morris.*"   It is claimed in argument that there could be no resulting trust in favor of the wife, because she consented to the purchase in the name of the husband. This may be true under the present statute, (1 G. & H. §§ 6, 7, 8, p. 651,) but the law in force when the land was purchased, in 1835, must govern this question.   R. S. 1831, § 5, pp. 269, 270.   In our opinion, the legal effect of the instrument may be rendered in the following words: "I hold a title to real estate which was purchased with money belonging to your mother, and I hold it in trust for her and her heirs, and upon my decease I convey to you my interest as trustee for your mother."   On the death of *B. F. Morris*, the heirs of the wife succeeded, under this writing, to the trusteeship held by the husband.

There is a question of estoppel argued, but under our view of the case it does not arise.   We do not think the writing of the 29th of *May*, 1850, inconsistent with the subsequent conveyances made by *Morris* and wife to the children of the latter; and, therefore, the court below committed no error in sustaining the demurrer to the defendant's answer.

The judgment is affirmed, with costs.

*J. L. Ketcham* and *S. E. Perkins*, for appellant.

*H. C. Newcomb, L. Barbour* and *J. T. Jackson*, for appellees.