## TRACY ET AL. *v.* KELLEY.

RESULTING TRUST.—*Husband and Wife.*—Where a husband fraudulently takes a conveyance of land in his own name, the consideration having been paid by his wife, a trust thereby results in the wife's favor. This rule is not changed by the statute, 1 G., & H. 651, secs. 6, 8.

PLEADING.—*Action to Recover Possession of Real Estate.*—In an action for the recovery of the possession of real estate, under an answer of general denial, all defences and all matters of reply may be given in evidence.

WITNESS.— *Wife.*—Action against a widow to recover from her the possession of land, the title of which had been fraudulently taken by her deceased husband in his own name, she having paid the consideration, the plaintiff claiming under a sale by the sheriff on execution against the husband.

*Held*, that she was a competent witness to testify as to all matters touching her own rights in said land.

From the Ripley Circuit Court.

*E. P. Ferris, S. A. Huff, J. W. Nichol* and *B. G. Birney,* for appellants.

*S. M. Jones* and *H. W. Harrington,* for appellee.

BIDDLE, C. J.—Suit to recover the possession of land. No question is made upon the complaint. The first paragraph of answer was a general denial, and the second was as follows:

That on the 28th day of September, 1826, the defendant was married in Warren county, in the State of Ohio, to Thomas J. Kelley, who died in 1873; that after said marriage, her brother, John R. Ritchey, by his will, bequeathed to her eight hundred and thirty-three dollars, for the purpose of purchasing her a home, in her own right, and taking the deed in her name; that after the death of her brother, his executor, William Ritchey, in the year 1845, paid her the said eight hundred and thirty-three dollars; that soon after she received the money, she placed it in the hands of Thomas J. Kelley, her husband, for the purpose of purchasing a home for her in the State of Indiana, in her own right, and to take the deed in her name; and that her husband soon after purchased the land described in the complaint; that at the time said purchase was made, she and her husband resided in the State of Ohio; that soon after said purchase, they removed to Ripley county, Indiana, and settled upon said land, where they continued to reside up to the time of his death; that she has been in possession of said land from the year 1846 to the present time; that after said purchase, her husband informed her that said land was purchased in her own right with the money aforesaid; that she so resided on the land until 1870, when she learned for the first time that the title of said land was made to Thomas J. Kelley; that she cannot read or write; that she had full confidence in her husband, believing that she had the full title to said land; that said Thomas, fraudulently and without her knowledge or consent, had the deeds to the land made to himself, and that he purposely and knowingly concealed the same from this defendant; that upon learning

that the title to the land was in Thomas, she commenced proceedings in the Ripley Circuit Court against the said Thomas J. Kelley, to quiet the title to said land in herself, as appears of record, and that said title was so quieted in this defendant; that the plaintiffs claim title to said land by virtue of a sheriff's sale made upon a judgment in their favor, and against said Thomas, upon notes executed to them by him, which judgment was rendered in the ———— Court of Ripley county, Indiana; wherefore she asks that the title to said land may be quieted in her as against said plaintiffs, and for other relief.

A demurrer, alleging a want of facts as cause, was overruled to the second paragraph of answer, and exception taken.

Reply : 1. General denial.

2, 3, 4, 5 and 6. Statute of limitations.

7. Setting up a judgment recovered by plaintiffs against Thomas J. Kelley in the Ripley Circuit Court, in 1868, for one thousand three hundred dollars, execution, levy, sale, and sheriff's deed to plaintiffs for the land described in the complaint.

A motion to strike out paragraph 7 of reply was overruled. Demurrers were then filed to each paragraph of reply for want of facts, and sustained. Exceptions taken. A jury trial was had, and a verdict found for defendant, with a finding on two special interrogatories, that the money to purchase the land in controversy was received by Thomas J. Kelley from Nancy G. Kelley, and received upon the condition that he would buy land with it and take the title in her name. Judgment, over a motion for a new trial and exception, was rendered on the verdict, quieting the title in Nancy G. Kelley, and for costs. Appeal.

The first error complained of by the appellant is overruling the demurrer to the second paragraph of answer, which is also pleaded by way of cross complaint. We can perceive no error in this ruling. If a husband fraudulently takes a conveyance of land in his own name, the considera-

tion having been paid by his wife, a trust thereby results in the wife's favor. The statute (1 G. & H. 651, secs. 6, 8) does not change this equitable rule. This court has repeatedly recognized this principle under the code. *Totten* v. *McManus*, 5 Ind. 407; *Resor* v. *Resor*, 9 Ind. 347; *Standeford* v. *Devol*, 21 Ind. 404; *Wynn* v. *Sharer*, 23 Ind. 573; *McDonald* v. *McDonald*, 24 Ind. 68; *Noble* v. *Morris*, 24 Ind. 478; *Malady* v. *McEnary*, 30 Ind. 273; *Brannon* v. *May*, 42 Ind. 92.

The case of *Miller* v. *Blackburn*, 14 Ind. 62, upon which the appellant relies, was overruled in *McDonald* v. *McDonald, supra.*

Perhaps it is not necessary that we should decide the question raised by demurrer to the second paragraph of the answer, as all the evidence given in the case could have been introduced under the general denial to the complaint; but we think this demurrer raises the question of law governing the case, and therefore think proper to decide it. Nor is it necessary to decide the demurrers to the replies, for the same reason; for, whatever the decision might have been, no available error could have intervened, where the case was tried on the issue formed by the general denial to the complaint, as all defences and all matters in reply might be given under that answer.

The appellee was allowed to testify in her own behalf, and the question as to her competency as a witness is properly raised in this court. We think she was competent to testify as to all matters touching her own rights in the lands in controversy. *Crane* v. *Buchanan*, 29 Ind. 570.

Exceptions were taken to instructions numbered 2, 3, 4 and 5, given by the court to the jury.

Instruction 2 was, in substance, that if the appellee proved the facts set up in the second paragraph of her answer, she was entitled to a verdict in her favor.

3. That fraud is never presumed, but must be proved, applying the principle to the alleged trust averred in the second paragraph of answer.

4. That in determining whether the trust existed or not, the jury should "take into consideration all the facts and circumstances bearing upon the question."

No. 5 is not essentially different from 2, the principle of which we think is settled by the ruling on the demurrer to the second paragraph of the answer.

It is insisted that the court erred in refusing certain instructions asked by the appellants, but we do not closely scan them, as, from the view we take of the case, there can be no available error in this ruling.     *Musselman* v. *Pratt*, 44 Ind. 126.

The evidence is all before us.     The plaintiffs claim under a judgment in their favor against Thomas J. Kelley, rendered February 25th, 1868, in the Ripley Circuit Court, execution thereon, levy upon, and sale of, and sheriff's deed to them of, the lands in question.    This sale conveys no greater right to the plaintiffs than was in Kelley at the time.    2 G. & H. 250, sec. 472.    If the interest of Mrs. Kelley in the land existed at that time, it remained in it after the sale.

The appellee introduced evidence which we think fairly proves the original trust set out in the second paragraph of her answer, and also a decree of the Ripley Circuit Court, rendered September 5th, 1871, quieting the title of said lands in her as against Thomas J. Kelley.    The whole evidence, taken together, sustains, in our opinion, both the general verdict and the special findings, and in view of the whole record, we think the judgment is right.

The judgment is affirmed, with costs.

Opinion filed November term, 1875; petition for a rehearing overruled May term, 1876.