Milner *et al. v.* Hyland.

No. 8009.

## MILNER ET. AL. *v.* HYLAND.

STATUTE OF LIMITATIONS.—*Pleading.*—*Demurrer.*—*Practice.*—Under the code every action must be brought within the time limited by the statute, but, if the lapse of time is relied upon, it must, as a general rule, be pleaded to the action. If, however, it affirmatively appears from the complaint that the cause of action is barred, notwithstanding the exceptions in the statute, the objection may be taken by demurrer.

SAME.—*Trust and Trustee.*—*Husband and Wife.*—Where a wife furnishes money to her husband with which to purchase land for her, and he makes the purchase, but takes the title in his own name without the knowledge or consent of his wife, he becomes a trustee for her, and the statute of limitations does not commence to run against her until her husband disavows his trust.

SAME.—*Action to Quiet Title.*—In an action to quiet title by one in possession against another out of possession, an answer that the cause of action did not accrue within fifteen years is insufficient, as the answer is not applicable to the case made by the complaint.

PRACTICE.—*Answer.*—*Demurrer.*—There is no error in sustaining a demurrer to a paragraph of answer, where all the facts admissible under it are admissible under the general denial which remains on file.

TRUST.—*Secret Trust.*—*Bona fide Purchaser.*—A secret trust can not be enforced against the purchaser of the legal title for value and without any notice of the trust. This rule protects purchasers at sheriff's sales as well as at private sales. *Tracy* v. *Kelley,* 52 Ind. 535, explained.

SAME.—*Counter-Claim.*—*Evidence.*—In an action to enforce a trust on real estate, it is error to sustain a demurrer to a counter-claim by a defendant, averring title to such land under a *bona fide* purchase at sheriff's sale, without notice, and such error is not rendered harmless by evidence tending to show constructive notice.

From the Spencer Circuit Court.

*C. A. DeBruler* and *E. R. Hatfield,* for appellants.

*T. F. DeBruler* and *C. L. Wedding,* for appellee.

BEST, C.—The appellee, who was the plaintiff, alleged substantially in her complaint, that, on the 24th day of September, 1856, she placed in the hands of her husband, James Hyland, $5,000, with a part of which he promised to purchase for her a house and lot in Rockport, Spencer county, Indiana; that, in pursuance of said undertaking, he did, on said day, purchase said property and pay for it with $2,000 of said money, but, in violation of his agree-

ment, and in fraud of her rights, took an absolute conveyance of said property in his own name, without her knowledge or consent; that she did not learn that said conveyance was not in her own name for more than a year thereafter, and that, when she did learn it, she at once demanded of him a conveyance, which he then, and at many times thereafter, promised to make, admitted that it belonged to her, and never disavowed his trust, but neglected to convey the property to her; that, on the 24th day of November, 1874, said James Hyland died without executing such conveyance, leaving as his heirs his children, Charles W., Jennie V., William W., James, Anna and Edward Hyland, to whom said realty descended, all of whom were minors except Charles W., and all of whom are made defendants. She further averred that the appellants, naming them, claim to own said property, or some part thereof, by a pretended title that is adverse to her title, and she makes them defendants, asking that the above named children of her husband may be adjudged to hold the title of said property in trust for her; that a commissioner may be appointed to convey it to her, and that her title be quieted against the appellants.

The appellants demurred to the complaint for want of facts, which was overruled, and they excepted. They then filed an answer and a counter-claim. The first paragraph of the answer was in denial, the third the statute of limitations of fifteen years, and the sixth the statute of twenty years.

By each paragraph of the counter-claim, it was averred that the appellants, and others, naming them, recovered judgments against said James Hyland in the Spencer Circuit Court in 1874; that executions were duly issued upon said judgments and levied upon said property during the lifetime of said James Hyland; that after his death, but before said writs had expired, the sheriff of said county sold said property, upon said writs, to the appellants, who purchased and paid thirteen hundred dollars for the same, received a certificate,

and after the year for redemption had expired, no one having redeemed it, obtained a deed from said sheriff, all of which was done in good faith, and without any notice that the plaintiff had any claim to said property other than as the widow of said James Hyland; and asking that the title to two-thirds of said property be adjudged to be in them.

The appellee filed separate demurrers to the third and sixth paragraphs of the answer, and to each paragraph of the counter-claim. These were sustained, and the appellants excepted.

Charles W. Hyland disclaimed any interest in the premises, and the minor defendants answered by guardian *ad litem.* The issues thus formed were submitted to the court for trial, and a judgment was rendered for the appellee in accordance with the prayer of her complaint. From this judgment the appellants appeal, and assign as error that the court erred in overruling the demurrer to the complaint, in sustaining the demurrers to the third and sixth paragraphs of the answer, and in sustaining the demurrers to each paragraph of the counter-claim.

The objections urged to the complaint are, first, that the claim is a stale one, and, second, that it is barred by the statute of limitations.

Under the code, every action must be brought within the time limited by the statute; and, if the lapse of time is relied upon, it must be based upon some statute, which, as a general rule, must be pleaded to the action. *Potter* v. *Smith*, 36 Ind. 231.

It has been held, however, that when it appears affirmatively from the complaint, that the plaintiff is barred, notwithstanding the exceptions in the statute, the objection may be taken by demurrer. *Kent* v. *Taggart*, 68 Ind. 163. Under this rule, two things must appear, viz.: that the plaintiff is not within any exception, and that the statute has run the full time limited. The appellants assume the former,

and seek to establish the latter by insisting that the cause of action accrued when the plaintiff discovered that the deed had been taken in her deceased husband's name.

This position can not be maintained. The facts established the relation of trustee and *cestui que trust* between the plaintiff and her husband; and, as the trust was a continuing one, the statute would not commence to run until he disavowed it. *Cunningham* v. *McKindley*, 22 Ind. 149. This, it is averred, he did not do while he lived, and, therefore, the statute did not commence to run during his lifetime. If it had, the appellants can not avail themselves of it. The cause of action that then accrued was against the husband, and not against the appellants. Because it existed against him, it is now asserted against his children. They may insist upon or waive the statute. If they waive it, as they have done, or execute the trust, as they may do, then, in either case, as against the appellants, the plaintiff will be considered the owner of the property; and the question is, when did the cause of action against appellants accrue? For aught that appears, it did not accrue twelve months before the suit was instituted. The plaintiff does not seek to enforce a trust against them, but to quiet her title against their pretended claim. Her right to do this did not accrue until such claim was made; and, as it does not appear when this was done, it does not appear from the complaint that her cause of action is barred. The demurrer was properly overruled.

The next question is, did the court err in sustaining demurrers to the third and sixth paragraphs of the answer, each of which alleged that the cause of action was barred by the statute of limitations? We think not. Section 611 of the code provides, that "An action may be brought by any person * * * having an interest in real property, against another who claims title to or interest" therein adverse to such person. The language of the statute is in the

present tense, and embraces such claims as are asserted at the commencement of the suit, and not such as have not been made for fifteen years. No one "claims title," within the meaning of the statute, who has made no claim within fifteen years, and, therefore, in such case, the title can not be quieted, for the obvious reason that it is not disturbed. Such answer is not applicable to such case. It neither denies nor confesses and avoids the complaint. Again, the general. denial was filed, and all defences in an action to quiet the title to real estate may be proved under such answers. *Graham* v. *Graham*, 55 Ind. 23. Were these paragraphs good, and the demurrers improperly sustained, yet, as all defences were admissible under the general denial, there was no error in sustaining the demurrers to them. *Patterson* v. *Lord*, 47 Ind. 203 ; *Smith* v. *Denman*, 48 Ind. 65.

The remaining question is, did the court err in sustaining the demurrers to each paragraph of the counter-claim? The question presented by these rulings is, whether the title to property, acquired by a *bona fide* purchaser at sheriff's sale upon a judgment against the person who holds the legal title to the same in trust for another, will prevail over the equity of the latter? When the judgments through which the appellants claim were rendered, the legal title to the property in dispute was in James Hyland, and not in the appellee. She had, however, furnished the money with which the same had been purchased, and the title was taken in her husband's name without her consent. As between them, she was the equitable owner of the land, and entitled to hold the same. The trust thus resulting in her favor continues, and is not affected by sections 6 and 8 of "An act concerning trusts and powers," 1 R. S. 1876, p. 915, which read as follows :

"Sec. 6. When a conveyance, for a valuable consideration, is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the

latter; but the title shall vest in the former, subject to the provisions of the next two sections.''

''Sec. 8. The provisions of the section next before the last, shall not extend to cases where the alienee shall have taken an absolute conveyance in his own name, without the consent of the person with whose money the consideration was paid.''

The trust thus resulting and recognized by these sections, in favor of the appellee, might have been enforced against James Hyland in his lifetime, and may be enforced against his heirs and all persons acquiring an interest in such property, with notice of such trust. *Tracy* v. *Kelley*, 52 Ind. 535; *Moyer* v. *Hinman*, 13 N. Y. 180; 2 White & Tudor L. C. in Eq., part 1, p. 90.

Can it be enforced against a purchaser for value, without notice?

Section 2 of the above recited act provides that ''No such trust, whether implied or created, shall defeat the title of the purchaser for a valuable consideration, and without notice of the trust.''

The trust asserted by the appellee arises by implication of law, is embraced within this section of the statute, and by its terms ''can not defeat the title of a purchaser for a valuable consideration, and without notice of the trust.'' This appears so plain that further discussion would seem unnecessary, but for the fact that it is earnestly insisted that a purchaser at sheriff's sale, under section 472 of our statute, can hold no greater interest in the property purchased than the judgment debtor possessed; and, in support of this position, the case of *Tracy* v. *Kelley*, 52 Ind. 535, is cited.

It is provided by section 472, that, ''Upon the sale of real estate by virtue of an execution, and the payment of the purchase-money, the sheriff * * * * shall execute and deliver to the purchaser a deed of conveyance for the premises, which shall be valid and effectual to convey all the right, title and interest of the execution debtor therein to the pur-

chaser." Under this statute the purchaser takes all the interest the execution debtor had in the premises, but it does not determine whether secret equities can be asserted against such title as a *bona fide* purchaser at such sale acquires.

In *Tracy* v. *Kelley*, *supra*, a similar trust was enforced against a purchaser at sheriff's sale, but it will be observed that it was averred in that case, that Mrs. Kelley, the *cestui que trust*, was in possession of the land when such purchase was made. If so, such possession was constructive notice of the trust, and such purchase was made with notice. These facts did not bring the purchaser within the class protected by section 2, *supra;* nor should his title prevent the assertion of such an equity. It is true that the language employed by the court seems to support the position of the appellee, but when it is borne in mind that the sale of which the court was speaking was made with notice of the trust to the purchaser, the language employed defined accurately the rights of the parties. The language used was : "This sale conveys no greater right to the plaintiffs than was in Kelley at the time. If the interest of Mrs. Kelley in the land existed at that time, it remained in it after the sale."

Of course, if the purchaser bought with notice of the trust, actual or constructive, he took the interest the execution debtor possessed, and the interest the *cestui que trust* had in the land at the time of the sale remained in it afterward, unaffected by such sale. The language employed, however, does not express the law as to a purchaser for value without notice, as his title can not be defeated by such secret equity, but is protected by sec. 2, *supra*. This statute is plain, needs no construction, and fully covers the question under discussion. Indeed, this court has already decided this precise question in the case of *Catherwood* v. *Watson*, 65 Ind. 576, in which it was held, that a resulting trust, like this one, could not be asserted against a purchaser at sheriff's sale for value, and without notice of the trust,

as the title of such purchaser was protected by sec. 2, above cited. It is true that a purchaser at sheriff's sale, under sec. 472, only takes such title as the execution debtor has; but as between the debtor having the legal title, and third parties having no notice of outstanding equities, such debtor has the title; in other words, he owns the land, and sec. 2, *supra*, prohibits the assertion of secret equities against the title thus acquired.

This rule is neither new nor local to this State. It is nearly universal. In 2 White & Tudor's Leading Cases in Equity, part 1, p. 93, it is said: "Although the lien of a judgment is limited to the estate of the debtor, and does not bind any right that could not have been enforced by him, this rule does not neccessarily apply to a purchaser under the judgment. The right of a buyer to protection against latent defects, which he has no means of ascertaining, is the same whether the sale is voluntary or the act of the law. It follows that a purchase at a judicial sale perfected by the execution of a deed discharges prior equities, and antecedent grants or mortgages which have not been duly recorded and are not brought home to the purchaser by notice."

Numerous authorities, from several States, are cited in support of this statement of the law, many of which we have examined, with others, and think they fully sustain the statement.

Bearing in mind that the title to the land was in James Hyland by deed duly recorded, he must be regarded as the owner of the land as to third parties who have acquired an interest for value, and without notice of appellee's equity; and had he conveyed the land to a *bona fide* purchaser the appellee would have been powerless to enforce her equity against such purchaser. Authorities need not be cited in support of this proposition, nor need any be cited to show that a *bona fide* purchaser at sheriff's sale is entitled to the

same protection as such purchaser from the execution debtor. Both are regarded as purchasers for value and without notice, and the title of each is protected alike by sec. 2, *supra*.

Had James Hyland executed the trust by conveying the land to the appellee, and had appellants purchased the land as alleged, without notice, actual or constructive, of such trust or such deed, she could not have enforced against appellants the one or the other.   She could not have enforced the trust .because of section 2, *supra;* nor could she have enforced the equity created by the deed, because of sections 11 and 16, 1 R. S. 1876, pp. 364, 365.  Section 11 provides that "No conveyance of any real estate in fee simple * * * shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this act."

· Section 16 provides that "Every conveyance * * of land * . * shall be recorded in the recorder's office of the county where such lands shall be situated, and every conveyance * * * not so recorded in forty-five days from the execution thereof, shall be fraudulent and void as against any subsequent purchaser, * * in good faith, for a valuable consideration."

As before stated, if James Hyland had executed the trust by making the appellee a deed, and appellants had purchased for value, and without notice of such deed, such conveyance would have been void against them ; and it would indeed be strange if the trust may be enforced when a deed, made in execution of such trust, is void.  It is true that the conveyance is void by sections 11 and 16, *supra*, of our statute, and they do not embrace the trust sought to be enforced, but section 2, *supra*, does, and all of them are in harmony, prohibiting the assertion of secret equities against *bona fide* purchasers, whether they arise by implication of law or are created by instruments in writing.

Milner *et al. v.* Hyland.

What we have said does not contravene the rule that the judgment lien is limited to the interest of the judgment debtor in the property, but is in entire accord with it. But, while this is true, it does not follow that the title of a purchaser at sheriff's sale can be thus limited. Indeed, courts of equity are often resorted to to limit the judgment lien so as to prevent the loss of equitable interests by the sale of the property to a *bona fide* purchaser under such judgment.

In White & Tudor, *supra*, p. 90, it is said: "It is not just that property which belongs in equity and good conscience to A., should be taken for the debt of B., and a chancellor will not suffer the lien which the judgment creditor has acquired on the legal title, to be used as a means of producing such a result." Again: "At law a judgment is a general lien upon all the legal interest of the debtor in his real estate, but in chancery that general lien is controlled by equity, so as to protect the rights of those who are entitled to an equitable interest in the lands or in the proceeds thereof."

It is well settled that a judgment lien is subject to all equities existing against the debtor at the rendition of the judgment, and a court of equity will limit the lien to the actual interest of the judgment debtor; but the very fact that a court of equity will thus limit the lien proceeds upon the assumption, that, if the land is sold to a *bona fide* purchaser, the existing equities can not be enforced against such purchaser. If such purchaser can not hold the land against such equities, it would be idle for a court of equity to interfere for the purpose of limiting such liens to the interest of the judgment debtor. Indeed, the very fact, that such equities can not be enforced against such title, furnishes the only ground for equitable interference.

We are, therefore, clear that the title of such purchaser can not be defeated by such trust, and therefore think the court erred in sustaining the demurrers to each paragraph of appellants' counter-claim.

PER CURIAM.—It is, therefore, ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things reversed, at the costs of the appellee, with instructions to overrule the demurrers to each paragraph of the counterclaim, and for further proceedings.

BEST, C.—A rehearing is asked on the ground that the evidence shows that the appellee was in possession at the time appellants purchased the premises in dispute, and it is insisted that such possession was constructive notice of appellee's equity.   This is a misapprehension of the record. It does not contain the evidence, and if it did an erroneous ruling upon the pleadings could not, in this way, be rendered harmless.   Issue must be taken upon the counterclaim and appellants allowed an opportunity to prove the averment, that, at the time of their purchase, they did not have actual or constructive notice of appellee's equity.

PER CURIAM.—Petition overruled.